## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

GUSTAVO XAVIER,

      Petitioner,

      v.

MICHAEL HARLOW,
Superintendent,

      Respondent.

CIVIL ACTION NO. 3:12-CV-01603

(CAPUTO, J.)
(SAPORITO, M.J.)

## REPORT AND RECOMMENDATION

This proceeding was initiated by a petition for a writ of habeas corpus submitted pursuant to 28 U.S.C. § 2254, signed and dated by the petitioner, Gustavo Xavier, on August 6, 2012. (Doc. 1). The petition was originally filed in the United States District Court for the Western District of Pennsylvania, and subsequently transferred to this Court on August 14, 2012. (Doc. 2; Doc. 3). At the time of filing, Xavier was incarcerated at SCI Albion, which is located in Erie County, Pennsylvania.

## I. STATEMENT OF THE CASE

### A. Procedural History

On May 1, 2009, Xavier pleaded guilty and was convicted in the Court of Common Pleas of Susquehanna County of third-degree murder.

*Commonwealth v. Xavier*, Docket No. CP-58-CR-0000365-2008 (Susquehanna County C.C.P.).[1] Under the terms of his otherwise unconditional plea agreement,[2] the original criminal homicide and aggravated assault charges against him were subsequently nolle prossed by the Commonwealth. *Id.* On May 21, 2009, Xavier was sentenced to serve a term of twenty to forty years in prison. *Id.* Xavier did not file a direct appeal to the Superior Court of Pennsylvania.

Xavier filed a *pro se* PCRA petition in the Court of Common Pleas on November 24, 2009, and a *pro se* amended or supplemental PCRA petition on November 17, 2010.[3] The Court of Common Pleas denied PCRA relief

---

[1] In addition to the petition, a federal habeas court may take judicial notice of state court records, as well as its own records. *Montanez v. Walsh*, No. 3:CV-13-2687, 2014 WL 47729, at *4 n.1 (M.D. Pa. Jan. 7, 2014); *see also Reynolds v. Ellingsworth*, 843 F.2d 712, 714 n.1 (3d Cir. 1988). Accordingly, in reviewing this petition, the Court has taken judicial notice of the publicly available dockets of criminal and collateral post-conviction proceedings in the Court of Common Pleas of Susquehanna County, the Superior Court of Pennsylvania, and the Supreme Court of Pennsylvania, available online at https://ujsportal.pacourts.us/DocketSheets.aspx, as well as its own records.

[2] (*See* Doc. 10-1, at 26–27).

[3] Although the state court docket sheet indicates filing dates of November 30, 2009, and November 19, 2010, for Xavier's original and amended PCRA petitions, the petitions themselves indicate that Xavier mailed them on November 24, 2009, and November 17, 2010, respectively. *See Commonwealth v. Little*, 716 A.2d 1287, 1289 (Pa. Super. Ct. 1998)

*(continued on next page)*

on September 27, 2011. *Id.* The denial of Xavier's PCRA petition was affirmed on appeal by the Superior Court of Pennsylvania on May 23, 2012. *Commonwealth v. Xavier*, Docket No. 1762 MDA 2011 (Pa. Super. Ct.). Xavier did not file a petition for allocatur in the Supreme Court of Pennsylvania.

Xavier filed the instant *pro se* federal habeas petition on August 6, 2012.[4] (Doc. 1). The case was transferred to this Court from another judicial district on August 14, 2012. (Doc. 2; Doc. 3). The respondent filed his answer to the petition on September 26, 2012. (Doc. 10). Xavier filed a *pro se* reply to the answer on October 15, 2012. (Doc. 12). On December 17, 2012, the Federal Public Defender's Office was appointed to represent Xavier and directed to file a supplemental reply to the respondent's answer. (Doc. 13). Xavier filed his counseled supplemental reply on February 25, 2013. (Doc. 16).

---

("[T]he prisoner mailbox rule is applicable to petitions filed pursuant to the PCRA . . . .").

[4] The petition was received and docketed by the United States District Court for the Western District of Pennsylvania on August 10, 2012, but it appears to have been deposited in the prison mail system on August 6, 2012, and thus effectively filed that day. *See* Rule 3(d), 28 U.S.C. foll. § 2254.

**B. Habeas Claims Presented**

The original *pro se* petition asserted that Xavier is entitled to relief under 28 U.S.C. § 2254 for the following reasons:

(1)   Xavier was denied the effective assistance of counsel in trial proceedings because his trial counsel failed to move to suppress an allegedly inadmissible confession given to police when Xavier was hospitalized and intoxicated;

(2)   Xavier was denied his right against self-incrimination when he was interrogated by police and gave a confession while hospitalized and intoxicated;

(3)   Xavier's conviction was based on a guilty plea that was not knowing, voluntary, and intelligent due to ineffective assistance of counsel;[5]

(4)   Xavier was denied the effective assistance of counsel in trial proceedings because his trial counsel failed to advise him that diminished capacity was an available defense to the charge of criminal homicide;

---

[5] The respondent has cast this claim as one of direct constitutional error, not ineffective assistance of counsel, and argues that it has been raised for the first time in this federal habeas petition. Although Xavier's *pro se* federal habeas petition labels this as a claim "under [the] totality of the circumstances," the factual allegations in support of this claim primarily—if not exclusively—concern the ineffectiveness of Xavier's trial counsel. *See generally Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244–46 (3d Cir. 2013) (discussing a federal court's obligation to liberally construe the filings of pro se litigants, especially those who are incarcerated). The gravamen of his *pro se* PCRA petition and appellate briefs is likewise a claim that his guilty plea was rendered involuntary and unintelligent because he relied on constitutionally ineffective advice of counsel in deciding to enter the guilty plea.

> (5)     Xavier was denied the effective assistance of counsel in PCRA proceedings because his PCRA counsel failed to raise ineffective assistance of trial counsel claims with respect to the hospital-bed confession and diminished capacity claims described above.

Xavier raised claim (1) in his PCRA appeal before the Superior Court, which denied it on the merits. He has raised the underlying, direct claim of constitutional error, claim (2), for the first time in the instant federal habeas petition. Xavier raised aspects of claim (3) in his PCRA appeal before the Superior Court, which denied it as having been waived by Xavier's failure to develop the argument in his appellate briefs, and the remainder of claim (3) appears to be raised for the first time in the instant federal habeas petition. In his counseled supplemental reply filed in this federal habeas action, Xavier has explicitly withdrawn claims (4) and (5).[6] (Doc. 16, at 2 n.1).

## II.   DISCUSSION

The Court must begin with the validity of Xavier's plea because a

---

[6] Claim (4) was considered and rejected by the Superior Court on its merits. (Doc. 10-1, at 265). Claim (5) was deemed waived pursuant to a state procedural rule (Doc. 10-1, at 267), and it is not cognizable on federal habeas review in any event. *See generally* 28 U.S.C. § 2254(i) ("The ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254.").

valid guilty plea waives all non-jurisdictional claims occurring prior to the guilty plea that are not expressly preserved by the plea agreement. *Tollett v. Henderson*, 411 U.S. 258, 266–67 (1973); *Washington v. Sobina*, 475 F.3d 162, 165 (3d Cir. 2007) (per curiam).

> [A] guilty plea represents a break in the chain of events which has preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. He may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within the standards set forth in [*Strickland v. Washington*, 466 U.S. 668 (1984)].

*Tollett*, 411 U.S. at 267; *see also Hill v. Lockhart*, 474 U.S. 52, 59 (1985) ("[T]h two-part *Strickland v. Washington* test applies to challenges to guilty pleas based on ineffective assistance of counsel."). "This includes 'many of the most fundamental protections afforded by the Constitution,' such as . . . the right against self-incrimination." *Washington*, 475 F.3d at 165 (quoting *United States v. Mezzanatto*, 513 U.S. 196, 201 (1995)). "[W]hile claims of prior constitutional deprivation may play a part in evaluating the advice rendered by counsel, they are not themselves independent grounds for federal collateral relief." *Tollett*, 411 U.S. at 267.

## A. The Validity of Xavier's Guilty Plea

Xavier's first and third claims for habeas relief have alleged that his conviction was based on a guilty plea that was not knowing, voluntary, and intelligent due to ineffective assistance of counsel.[7] Xavier entered his guilty plea on May 1, 2009. On May 19, 2009 he filed a motion to withdraw his guilty plea. On May 21, 2009 Xavier withdrew his motion to withdraw the guilty plea. He was sentenced later that same day.

Xavier contends that, in initially deciding to plead guilty and later deciding to withdraw his motion to withdraw his guilty plea, he relied on the advice of trial counsel, which was constitutionally ineffective. In claim (1), Xavier alleges that, but for trial counsel's failure to move to suppress or otherwise challenge the admissibility of his hospital-bed confession, he would not have agreed to plead guilty. This claim was denied on PCRA appeal by the Superior Court on its merits. In claim (3), Xavier alleges that his trial counsel persuaded him to withdraw his motion to withdraw the guilty plea by: (a) failing to advise Xavier that the minimum sentence

---

[7] Although Xavier frames his first claim as a simple ineffective assistance of counsel claim with respect to a motion to suppress the confession, the prejudice alleged is that he would not have pleaded guilty but for his trial counsel's failure to move to suppress the allegedly inadmissible confession.

for third-degree murder is six to twelve years, and persuading him instead to agree to a sentence of twenty to forty years, which is the statutory maximum; (b) advising Xavier that he would face a life sentence if he went to trial, in part because a local jury would be more hostile to him as a foreigner; (c) failing to advise Xavier that the charge of criminal homicide included alternative lesser-included manslaughter offenses; (d) advising Xavier that he could reasonably expect to be paroled upon serving his minimum sentence of twenty years. In his counseled supplemental reply, Xavier further alleges that: (e) trial counsel was ineffective for failing to utilize an interpreter to ensure that Xavier understood his options when faced with the plea offer. The Superior Court denied the minimum sentence and lesser-included offenses portions of this claim, claims (3a) and (3c), as having been waived pursuant to Pa. R.A.P. 2119. The remainder of this claim is presented here for the first time.

### 1. Failure to Move to Suppress the Confession

Xavier asserts a claim of ineffective assistance of counsel, alleging that, but for trial counsel's failure to move to suppress or otherwise challenge the admissibility of his hospital-bed confession, he would not have agreed to plead guilty.

A federal court may not grant relief on a habeas claim previously adjudicated on the merits in state court unless that adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding.

28 U.S.C. § 2254(d). In drafting this statute, Congress "plainly sought to ensure a level of 'deference to the determinations of state courts,' provided those determinations did not conflict with federal law or apply federal law in an unreasonable way." *Williams v. Taylor*, 529 U.S. 362, 386 (2000); *see also Eley v. Erickson*, 712 F.3d 837, 846 (3d. Cir. 2013). Consequently, "state-court judgments must be upheld unless, after the closest examination of the state-court judgment, a federal court is firmly convinced that a federal constitutional right has been violated." *Williams*, 529 U.S. at 387. "A federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be [objectively] unreasonable." *Id.* at 411; *see also Eley*, 712 F.3d at 846.

Moreover, any factual findings by the state trial and appellate courts are presumed to be correct, and the petitioner bears the burden of rebutting that presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *Burt v. Titlow*, 134 S. Ct. 10, 15 (2013); *Eley*, 712 F.3d at 846.

In claim (1), Xavier claims that trial counsel was ineffective because she failed to move to suppress Xavier's confession on the grounds that it was obtained from him while hospitalized and intoxicated. In affirming the PCRA court's denial of PCRA relief, the Superior Court rejected this claim on its merits, applying a three-pronged Pennsylvania standard for judging ineffectiveness claims set forth in *Commonwealth v. Bedell*, 954 A.2d 1209, 1212 (Pa. Super. Ct. 2008), which the Third Circuit and this Court have previously found to be substantively identical to the two-pronged federal ineffectiveness standard enunciated by the Supreme Court of the United States in *Strickland v. Washington*, 466 U.S. 668 (1984). *See Boyd v. Waymart*, 579 F.3d 330, 334 n.2 (3d Cir. 2009); *Werts v. Vaughn*, 228 F.3d 178, 203 (3d Cir. 2000); *Showers v. Beard*, 586 F. Supp. 2d 310, 321–22 (M.D. Pa. 2008); *see also Jenkins v. Superintendent of Laurel Highlands*, Civil No. 3:CV-10-0984, 2015 WL 1321746, at *12 n.13 (M.D. Pa. Mar. 24, 2015) (citing *Bedell*). Accordingly, this Court may not grant relief unless it

determines that the state appellate court's decision on the merits was an unreasonable application of *Strickland*, or that it was based on "unreasonable factual determinations when deciding whether the petitioner received constitutionally effective counsel." *Showers*, 586 F. Supp. 2d at 322.

Under *Strickland*, a habeas petitioner is required to establish two elements to state a successful claim for ineffective assistance of counsel: (1) "that counsel's performance was deficient," and (2) "that the deficient performance prejudiced the defense." *Strickland*, 466 U.S. at 687. The *Strickland* test is conjunctive and a habeas petition must establish both the deficient performance prong as well as the prejudice prong. *See id.* at 687; *Rainey v. Varner*, 603 F.3d 189, 197 (3d Cir. 2010). But, "[i]f it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, . . . that course should be followed." *Strickland*, 466 U.S. at 697.

Counsel's performance is deficient only if it falls below the wide range of competence demanded of attorneys in criminal cases. *Id.* at 687–89. This requires a showing "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by

the Sixth Amendment." *Harrington v. Richter*, 562 U.S. 86, 104 (2001)

(quoting *Strickland*, 466 U.S. at 687). When a federal habeas petitioner

advances an ineffective assistance of counsel claim that a state court has

already rejected on its merits, he is faced with "the doubly deferential

judicial review that applies to a *Strickland* claim evaluated under the

§ 2254(d)(1) standard." *Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009).

Under this "doubly deferential" standard, the Court must "give[] both the

state court and the defense attorney the benefit of the doubt." *Burt*, 134 S.

Ct. at 13. Indeed, a federal habeas court is "required not simply to give the

attorney the benefit of the doubt, but to affirmatively entertain the range

of possible reasons petitioner's counsel may have had for proceeding as he

did." *Branch v. Sweeney*, 758 F.3d 226, 235 (3d Cir. 2014) (quoting *Cullen

v. Pinholster*, 131 S. Ct. 1388, 1407 (2011)) (alterations omitted).

   With respect to the prejudice prong of the *Strickland* test, the

petitioner "must show that there is a reasonable probability that, but for

counsel's unprofessional errors, the result of the proceeding would have

been different." *Strickland*, 466 U.S. at 694. In the context of a guilty plea,

the petitioner "must show that there is a reasonable probability that, but

for counsel's errors, he would not have pleaded guilty and would have

insisted on going to trial." *Hill*, 474 U.S. at 59.

> In many guilty plea cases, the "prejudice" inquiry will closely resemble the inquiry engaged in by courts reviewing ineffective-assistance challenges to convictions obtained through a trial. For example, where the alleged error of counsel is a failure to investigate or discover potentially exculpatory evidence, the determination whether the error "prejudiced the defendant by causing him to plead guilty rather than go to trial will depend on the likelihood that discovery of the evidence would have led counsel to change his recommendation as to the plea. This assessment, in turn, will depend in large part on a prediction whether the evidence likely would have changed the outcome of a trial. Similarly, where the alleged error of counsel is a failure to advise the defendant of a potential affirmative defense to the crime charged, the resolution of the "prejudice" inquiry will depend largely on whether the affirmative defense likely would have succeeded at trial. [T]hese predictions of the outcome at a possible trial, where necessary, should be made objectively, without regard for the "idiosyncrasies of the particular decisionmaker."

*Id.* at 59–60 (quoting *Strickland*, 466 U.S. at 695).

The Superior Court of Pennsylvania considered Xavier's ineffectiveness claim with respect to his hospital-bed confession and held that he failed to satisfy the "prejudice" prong of the ineffective assistance standard. The state appellate court found that: "While Appellant argues that permitting investigators to question him under the circumstances described *supra* 'creates an injustice,' Appellant has not averred that, but

for guilty plea counsel's failure to file a suppression motion, he would not have entered into the negotiated guilty plea." (Doc. 10-1, at 263 (citation omitted)). In a footnote to this passage, the state court found that, "during the oral guilty plea colloquy, Appellant affirmatively acknowledged that, by pleading guilty, he was giving up all rights he may have had to file any all [sic] pre-trial motions, including motions to suppress." (*Id.* at 263 n.6). The state appellate court further noted that: "[I]n his initial [appellate] brief, Appellant admits that he pled guilty in order to avoid a possible sentence of life in prison for first-degree murder." (*Id.* at 263–64). In a second footnote, the state court found that: "Appellant did not . . . indicate he would have sought to withdraw his plea, and more specifically, he made no such allegation as it relates to counsel failing to file a suppression motion." (*Id.* at 264 n.7). The state court record supports these factual findings. (*See* Doc. 10-1, at 241–48 (appellant's supplemental brief); Doc. 10-1, at 19 (plea hearing transcript); Doc. 10-1, at 176–89 (appellant's initial brief)).

Based on the record before the state appellate court, there is nothing to suggest, much less clearly establish, an unreasonable determination of the facts with respect to Xavier's failure to "show that there is a

reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill*, 474 U.S. at 59; *see also Hill*, 474 U.S. at 60 (affirming denial of habeas relief where petitioner failed to explicitly allege that, if counsel had given correct advice, he would have pleaded not guilty and insisted on going to trial); *Burt*, 134 S. Ct. at 15 ("The prisoner bears the burden of rebutting the state court's factual findings 'by clear and convincing evidence.'"); *Eley*, 712 F.3d at 846. Nor is there anything in the record before the state appellate court to support a finding that the state court's decision was an unreasonable application of *Strickland. See Woodford v. Visciotti*, 537 U.S. 19, 25 (2002) ("[I]t is the habeas applicant's burden to show that the state court applied *Strickland* to the facts of the case in an objectively unreasonable manner."); *Hill*, 474 U.S. at 60.

Accordingly, it is recommended that the petition be denied on the merits with respect to Xavier's claim (1), that trial counsel was ineffective because she failed to move to suppress Xavier's confession on the grounds that it was obtained from him while hospitalized and intoxicated.

### 2. Minimum Sentence and Lesser Included Offenses

Xavier asserts additional claims of ineffective assistance of counsel,

alleging that trial counsel failed to advise him that the minimum sentence for third-degree murder in Pennsylvania is six to twelve years, persuading him instead to agree to a sentence of twenty to forty years, the statutory maximum, and that, as an alternative to third-degree murder, Pennsylvania law recognized other lesser-included offenses to criminal homicide, such as manslaughter. Xavier claims that, if he had been so advised, he would not have agreed to plead guilty to third-degree murder under terms requiring him to serve a minimum sentence of twenty years in prison.

Generally, a federal court will not review a claim that is procedurally defaulted.[8] *Johnson v. Folino*, 705 F.3d 117, 127 (3d Cir. 2013). A claim is

---

[8] The respondent does not argue procedural default with respect to this claim, but a federal habeas court has discretion to raise procedural default *sua sponte*. *Sweger v. Chesney*, 294 F.3d 506, 520 (3d Cir. 2002). "To the extent that [Xavier] is entitled to notice and an opportunity to respond to the Court raising the issue of procedural default *sua sponte* and to show a basis for excusing default, the report and recommendation procedure with its opportunity to file objections provides such notice and opportunity to be heard." *Bethea v. Bickell*, Civil No. 13-CV-1694, 2015 WL 1608521, at *9 n.4 (M.D. Pa. Apr. 10, 2015); *see also Ortiz v. Sauers*, Civil Action No. 5:12-CV-1209, 2014 WL 1096177, at *2 (E.D. Pa. Mar. 19, 2014); *Young v. Clearfield County Commonwealth of Pleas*, Civil Action No. 08-5J, 2008 WL 1711099, at *2 n.2 (W.D. Pa. Feb. 26, 2008). In light of the appointment of the Federal Public Defender's Office to represent this petitioner, the Court is confident that Xavier's response on this issue will
*(continued on next page)*

procedurally defaulted when "a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). Notwithstanding procedural default, a federal court may review a habeas claim where the petitioner can demonstrate cause for the default and actual prejudice as a result, or that failure to review the claim will result in a fundamental miscarriage of justice. *Id.*; *McCandless v. Vaughn*, 172 F.3d 255, 260 (3d Cir. 1999).

It is the petitioner's burden to demonstrate circumstances excusing procedural default. *See Sweger v. Chesney*, 294 F.3d 506, 520 (3d Cir. 2002); *see also Coleman*, 501 U.S. at 750; *Lines v. Larkins*, 208 F.3d 153, 160 (3d Cir. 2000). To demonstrate "cause" for a procedural default, the petitioner must show that "some objective factor external to the [petitioner's] defense impeded [his] efforts to comply with the State's procedural rule." *Murray v. Carrier*, 477 U.S. 478, 488 (1986). Meanwhile, to demonstrate "actual prejudice," the petitioner must show "not merely that the errors at his [plea] created a *possibility* of prejudice, but that they worked to his *actual* and substantive disadvantage, infecting his entire

be developed to the fullest extent possible.

[plea] with error of constitutional dimensions." *United States v. Frady*, 456 U.S. 152, 170 (1982) (emphasis in original); *McCabe v. Pennsylvania*, 419 F. Supp. 2d 692, 697 n.3 (E.D. Pa. 2006); *Mutope v. Folino*, No. Civ. 3:CV-04-2053, 2005 WL 3132315, at *3 (M.D. Pa. Nov. 22, 2005)). Alternatively, to show that a fundamental miscarriage of justice will occur if the claims are not reviewed, a petitioner must present new evidence that he is actually innocent of the crime for which he has been convicted. *Cristin v. Brennan*, 281 F.3d 404, 412 (3d Cir. 2002); *see also Bousley v. United States*, 523 U.S. 614, 623 (1998) ("'[A]ctual innocence means factual innocence, not mere legal insufficiency."); *Schlup v. Delo*, 513 U.S. 298, 327 (1995) ("[A] petitioner must show that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt.").

The Superior Court of Pennsylvania found Xavier's claim (3a) to have been waived on appeal because, "aside from making a passing reference to this claim, Appellant [did] not develop[] it further on appeal." (Doc. 10-1, at 265 (citing Pa. R.A.P. 2119)). It similarly found a series of issues identified in the "Statement of Questions Presented" section of Xavier's *pro se* brief, which included claim (3c), to be waived on appeal because, other than a

perfunctory recitation of these claims, Xavier failed to present any argument on these issues in his initial or supplemental briefs. (Doc. 10-1, at 259 n.1 (citing Pa. R.A.P. 2119)). The Third Circuit has expressly recognized that Rule 2119's "requirement that [a] Petitioner must meaningfully develop his arguments on appeal and cite to appropriate authorities . . . [i]s based upon an independent and adequate state law ground." *Leake v. Dillman*, 594 Fed. App'x 756, 759 (3d Cir. 2014); *see also Thomas v. Secretary, Pa. Dep't of Corrs.*, 495 Fed. App'x 200, 206–07 (3d Cir. 2012). As a result, Xavier's claims (3a) and (3c) are procedurally defaulted before this Court.

Xavier's *pro se* petition, *pro se* reply, and counseled supplemental reply do not address whether procedural default of these claims may be excused under either the "cause and prejudice" or "miscarriage of justice" exceptions to procedural default.[9] Throughout his papers, however, Xavier

---

[9] In his *pro se* reply, however, Xavier complains that the respondent's defense that Xavier failed to exhaust claim (3) by fairly presenting it to the state courts "put[s] procedure ahead of merit," imploring this Court to address his claims on the merits in any event because "[m]erit has long been recognized as a cornerstone of our judicial system." (Doc. 12, at 5). This likewise would be responsive to the procedural default issue. But, "[g]rounded in the principles of comity and federalism, the procedural default doctrine prevents a federal court sitting in habeas from reviewing

*(continued on next page)*

acknowledges that he did in fact kill the victim, Lisa Parlanti, disputing only the validity of his plea and resultant sentence. In light of this admission, it is clear that Xavier cannot establish actual innocence of third-degree murder, and therefore the "miscarriage of justice" exception to procedural default is unavailable to him. *See Bousley*, 523 U.S. at 623; *Schlup*, 513 U.S. at 327; *Cristin*, 281 F.3d at 412.

Although he has failed to explicitly assert cause and prejudice to excuse procedural default, Xavier's assertion in his *pro se* petition of an ineffective assistance of PCRA counsel claim, which is not itself cognizable on federal habeas review, *see* 28 U.S.C. § 2254(i), may be construed as an attempt to assert ineffective PCRA counsel as cause excusing procedural default. *See Mala*, 704 F.3d at 244–46.

In a recent decision, the Supreme Court of the United States recognized that, under certain circumstances, the procedural default of an ineffective assistance of counsel claim may be excused where the default

---

a state court decision that rests on a state ground that is sufficient to support the judgment, when that state law ground is independent of the federal question and adequate to support the judgment. In such situations, resolution of any independent federal ground for the decision could not affect the judgment and would therefore be advisory." *Munchinski v. Wilson*, 694 F.3d 308, 332–33 (3d Cir. 2012).

was caused, in turn, by ineffective assistance of counsel in post-conviction

collateral proceedings. *See Martinez v. Ryan*, 132 S. Ct. 1309, 1315–21

(2012). Specifically, the *Martinez* Court held that:

> [A] procedural default will not bar a federal habeas court
> from hearing a substantial claim of ineffective assistance
> at trial if, in the [state] initial-review collateral
> proceeding, there was no counsel or counsel in that
> proceeding was ineffective.

*Id.* at 1320.

The *Martinez* Court explicitly limited its holding to cases where state

procedural law provided that "claims of ineffective assistance of trial

counsel *must* be raised in an initial-review collateral proceeding"—that is,

in states like Arizona, where state procedural law explicitly prohibited the

adjudication of ineffective assistance claims on direct appeal. *Id.* Shortly

thereafter, the Supreme Court revisited its *Martinez* holding, extending it

to apply not only to cases where state procedural law expressly prohibited

ineffective assistance claims on direct appeal, but where "state procedural

framework, by reason of its design and operation, makes it highly unlikely

in a typical case that a defendant will have a meaningful opportunity to

raise a claim of ineffective assistance of trial counsel on direct appeal."

*Trevino v. Thaler*, 133 S. Ct. 1911, 1921 (2013). The Third Circuit has

subsequently examined Pennsylvania procedural law and found that *Martinez* applies in Pennsylvania. *Cox v. Horn*, 757 F.3d 113, 124 n.8 (3d Cir. 2014).

A particular nuance of the *Martinez* decision is implicated with respect to these two claims, claims (3a) and (3c), insofar as the alleged ineffective assistance of PCRA counsel may be asserted as "cause" excusing procedural default of these claims. In *Martinez*, the Supreme Court explicitly distinguished between finding cause based on ineffective assistance of counsel at *initial-review* collateral proceedings and at *appellate* collateral proceedings. *See Martinez*, 132 S. Ct. at 1320. Under *Martinez*, procedural default may be excused when caused by ineffective assistance of counsel during *initial-review* PCRA proceedings before the Court of Common Pleas, which effectively constitutes "a prisoner's 'one and only appeal' as to an ineffective-assistance [of trial counsel] claim." *See id.* at 1315, 1318; *see also Vaughter v. Fisher*, Civil Action No. 12-00493, 2014 WL 1152540, at *10 (E.D. Pa. Mar. 24, 2014) (discussing distinction between initial-review PCRA and appellate PCRA proceedings under *Martinez*); *Glenn v. Wynder*, Civil Action No. 06-513, 2012 WL 4107827, at *43 (W.D. Pa. Sept. 19, 2012) (same). But the *Martinez* rule does not apply

to allegedly deficient performance by counsel during *appellate* PCRA proceedings before the Superior and Supreme Courts of Pennsylvania. *See Martinez*, 132 S. Ct. at 1320 ("The holding in this case does not concern attorney errors in . . . appeals from initial-review collateral proceedings . . . ."); *see also Vaughter*, 2014 WL 1152540, at *10; *Glenn*, 2012 WL 4107827, at *43. Instead, errors by appellate PCRA counsel, or by a petitioner proceeding *pro se* on appeal from an initial-review PCRA decision, fall under the rule established decades earlier in *Coleman* that a criminal defendant has no right to counsel on appeal from initial-review collateral proceedings, and therefore ineffective assistance of counsel in any such appeal cannot constitute cause excusing procedural default. *See Coleman*, 501 U.S. at 755; *see also Martinez*, 132 S. Ct. at 1320; *Vaughter*, 2014 WL 1152540, at *10; *Glenn*, 2012 WL 4107827, at *43. Here, the procedural default at issue was Xavier's waiver of claims (3a) and (3c) on PCRA appeal by failing to adequately develop them in his appellate briefs. Accordingly, as a matter of law, any allegedly deficient performance of counsel in appellate PCRA proceedings, or by Xavier proceeding *pro se* on PCRA appeal, cannot constitute cause sufficient to excuse the procedural

default of claims (3a) and (3c).[10]

Consequently, it is recommended that the petition be denied as procedurally defaulted with respect to Xavier's claim (3a), that trial counsel was ineffective for failing to advise him that the minimum sentence for third-degree murder is six to twelve years, and claim (3c), that trial counsel was ineffective for failing to inform him that Pennsylvania law recognized other lesser-included offenses to criminal homicide, such as manslaughter.

### 3. Other Alleged Errors of Trial Counsel

In his *pro se* pleadings, Xavier asserts two other claims of ineffective assistance, alleging that trial counsel advised him that he would face a life sentence if he proceeded to trial, in part because a local jury would be more hostile to him as a foreigner, and that trial counsel erroneously advised him that he could reasonably expect to be paroled upon serving his minimum sentence of twenty years in prison. In his counseled supplemental reply, Xavier also alleges that trial counsel failed to utilize

---

[10] Xavier was appointed counsel to represent him in initial-review PCRA proceedings, but that attorney was granted leave to withdraw upon denial of Xavier's PCRA petition. Xavier represented himself *pro se* on PCRA appeal before the Superior Court.

an interpreter to ensure that he understood his options when faced with the plea offer.[11] These claims are presented here for the first time.

Generally, for this Court to address the merits of a habeas petition, all of the claims contained in the petition must be exhausted. 28 U.S.C. § 2254(b). Ordinarily, "[t]he exhaustion requirement is satisfied only if the petitioner can show that he fairly presented the federal claim at each level of the established state-court system for review." *Holloway v. Horn*, 355 F.3d 707, 714 (3d Cir. 2004); *see also O'Sullivan v. Boerckel*, 526 U.S. 838, 844–45 (1999) ("[T]he exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts . . . ."). "'Fair presentation' of a claim means that the petitioner 'must present a federal claim's factual and legal substance to the state courts in a manner that

---

[11] In Xavier's supplemental reply, habeas counsel discusses this as one of several omissions, which counsel argues should be taken together to fashion a broader claim of ineffective assistance of trial counsel. (Doc. 16, at 7–8). But the other alleged errors identified by habeas counsel concern trial counsel's alleged failure to adequately investigate and advise Xavier of the availability of manslaughter as an alternative lesser-included offense to first- or third-degree murder, and trial counsel's alleged failure to move to suppress Xavier's hospital-bed confession. Those issues were affirmatively addressed by the Superior Court on PCRA appeal, and they are separately addressed in this report as well.

puts them on notice that a federal claim is being asserted.'" *Holloway*, 355 F.3d at 714 (quoting *McCandless*, 172 F.3d at 261). A federal claim may be exhausted by presenting it either on direct appeal or in post-conviction PCRA proceedings. *See O'Sullivan*, 526 U.S. at 844 (citing *Brown v. Allen*, 344 U.S. 443, 447 (1953)). In Pennsylvania, a federal claim may be exhausted by presenting it to the Superior Court of Pennsylvania, either on direct appeal from a state criminal conviction or on appeal from a PCRA court's denial of post-conviction relief. *See Lambert v. Blackwell*, 387 F.3d 210, 233 (3d Cir. 2004); *see also In re Exhaustion of State Remedies in Criminal and Post-Conviction Relief Cases*, Order No. 218, 30 Pa. Bull. 2582 (Pa. May 9, 2000); Pa. R. App. P. 1114 historical notes (Order of May 9, 2000).

The remainder of Xavier's ineffective assistance of counsel claims, however construed, were not presented to the Superior Court in his PCRA appeal. Nevertheless, if these claims were dismissed without prejudice for failure to exhaust, and Xavier were to return to state court now to attempt to exhaust these claims in a new PCRA petition, his PCRA petition would be untimely and the matter would be dismissed by the state court pursuant to 42 Pa. Cons. Stat. Ann. § 9545(b). Under this state statute, a

PCRA petition must be filed "within one year of the date the judgment becomes final," subject to certain enumerated exceptions not applicable here. *See* 42 Pa. Cons. Stat. Ann. § 9545(b). "When a claim is not exhausted because it has not been 'fairly presented' to the state courts, but state procedural rules bar the applicant from seeking further relief in state courts, the exhaustion requirement is satisfied because there is 'an absence of available State corrective process.'" *McCandless*, 172 F.3d at 260 (quoting 28 U.S.C. § 2254(b)(1)(B)(i)); *see also Coleman*, 501 U.S. at 732 ("A habeas petitioner who has defaulted his federal claims in state court meets the technical requirements for exhaustion; there are no state remedies any longer 'available' to him."). Thus, for the purpose of this federal habeas petition, Xavier's remaining ineffective assistance claims are technically exhausted. *See Hurlburt v. Lawler*, Civil No. 1:CV-03-0665, 2008 WL 2973049, at *12 (M.D. Pa. Aug. 4, 2008).

"Even so, this does not mean that a federal court may, without more, proceed ot the merits. Rather, claims deemed exhausted because of a state procedural bar are procedurally defaulted . . . ." *Lines*, 208 F.3d at 160. As previously discussed, a claim is procedurally defaulted when "a state prisoner has defaulted his federal claims in state court pursuant to an

independent and adequate state procedural rule," and a federal court generally will not review such a claim. *Coleman*, 501 U.S. at 750; *Johnson*, 705 F.3d at 127. The one-year statute of limitations applicable to state PCRA proceedings has been held to be such an independent and adequate state procedural rule. *See Glenn v. Wynder*, 743 F.3d 402, 409 (3d Cir. 2014); *Banks v. Horn*, 49 F. Supp. 2d 400, 403–07 (M.D. Pa. 1999). *See generally Bronshtein v. Horn*, 404 F.3d 700, 708–10 (3d Cir. 2005) (discussing history and strict application of the PCRA statute of limitations since 1999).

Although he has failed to explicitly assert cause and prejudice to excuse procedural default, Xavier's assertion in his *pro se* petition of an ineffective assistance of PCRA counsel claim, which is not itself cognizable on federal habeas review, *see* 28 U.S.C. § 2254(i), may be construed as an attempt to assert ineffective PCRA counsel as cause excusing procedural default. *See Mala*, 704 F.3d at 244–46. Unlike claims (3a) and (3c), which were defaulted on PCRA appeal pursuant to an appellate rule of procedure, the default at issue with respect to these remaining ineffectiveness of trial counsel claims is a procedural bar at the initial-review PCRA level.

Under *Martinez*, the failure of a federal habeas petitioner's counsel to raise an ineffective assistance of trial counsel claim in an initial-review collateral proceeding can constitute "cause" if: (1) PCRA counsel's failure itself constituted ineffective assistance of counsel under *Strickland*; and (2) the underlying ineffective assistance of trial counsel claim is "a substantial one," meaning that "the claim has some merit." *Martinez*, 132 S. Ct. at 1319; *see also Glenn v. Wynder*, 743 F.3d 402, 410 (3d Cir. 2014). "Under *Strickland*, courts are precluded from finding that counsel was ineffective unless they find both that counsel's performance fell below an objectively unreasonable standard, and that the defendant was prejudiced by that performance." *Marshall v. Hendricks*, 307 F.3d 36, 85 (3d Cir. 2002).

In this case, the state PCRA court appointed an attorney, Patrick M. Daly, to represent Xavier in state PCRA proceedings. After a conscientious and thorough review of the record of the state criminal trial proceedings, on March 18, 2011, Attorney Daly filed a *Finley* no-merit letter, advising the PCRA court that he found no meritorious claims for PCRA relief and requesting leave to withdraw from further representation of Xavier. (Doc. 10-1, at 115–24). *See generally Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. Ct. 1988). On September 27, 2011, the state PCRA court entered an

order denying Xavier's PCRA petition and granting Attorney Daly leave to withdraw as counsel. (Doc. 10-1, at 165).

The circumstances surrounding the procedural default of Xavier's remaining ineffective assistance of trial counsel claims fail to meet the *Martinez* standard. For one, two of the three underlying claims of ineffective assistance of trial counsel clearly lack merit, and therefore they are not "substantial."

In claim (3b), Xavier claims ineffective assistance because trial counsel advised him he would face a life sentence if he went to trial, in part because a Susquehanna County jury would be hostile to him due to his immigrant status. The fact of the matter is that Xavier was charged with first-degree murder, for which the minimum penalty is life in prison, *see* 18 Pa. Cons. Stat. Ann. § 1102(a), and the evidence against him was strong (*see* Doc. 10-1, at 63–65, 67). There is nothing in the record to suggest that his trial counsel's appraisal of the sentencing tendencies of the county's jury pool was incorrect or otherwise improper. All of this constitutes nothing more than trial counsel's professional opinion with respect to Xavier's prospects at trial, and appropriate advice in the context of evaluating a plea offer. It does not constitute coercion or ineffective

assistance. *See Nguyen v. United States*, No. C09-0455-RSM, 2010 WL 342182, at *9 (W.D. Wash. Jan. 22, 2010); *Torres v. McGrath*, 407 F. Supp. 2d 551, 561 (S.D.N.Y. 2006).

In claim (3d), Xavier claims ineffective assistance because trial counsel allegedly suggested that he could reasonably expect to be paroled upon serving the minimum sentence of twenty years. At his change of plea hearing and in his plea agreement and written plea colloquy, Xavier expressly disavowed any concealed promises or understandings beyond the explicit terms of his plea agreement, which made no promises regarding parole. (Doc. 10-1, at 23–24 (hearing transcript); Doc. 10-1, at 26–27 (plea agreement); Doc. 10-1, at 28–37 (plea colloquy)). "A defendant's expectation of parole that is based on a bad guess by his attorney does not render a plea involuntary." *Worthen v. Meachum*, 842 F.2d 1179, 1184 (10th Cir. 1988), *overruled on other grounds by Coleman*, 501 U.S. at 750; *see also Knight v. United States*, 37 F.3d 769, 775 (1st Cir. 1994); *Little v. Allsbrook*, 731 F.2d 238, 241–42 (4th Cir. 1984); *Hickman v. Thaler*, Civil Action No. 6:11-CV-00061, 2013 WL 1124088, at *1 (S.D. Tex. Mar. 18, 2013). Absent any allegation or evidence of an actual and specific promise or guarantee of release on parole, this suggestion by trial counsel that

Xavier might reasonably expect to be paroled after serving twenty years does not constitute ineffective assistance of counsel.

Moreover, with respect to these two claims, the failure of PCRA counsel to raise these meritless underlying claims does not constitute ineffective assistance, as counsel cannot be held ineffective under the *Strickland* standard for failing to raise a claim that is without merit or futile. *See Premo v. Moore*, 131 S. Ct. 733, 741 (2011); *United States v. Sanders*, 165 F.3d 248, 253 (3d Cir. 1999); *see also Strighman v. Vaughn*, No. Civ. A. 03-317, 2003 WL 23025393, at *3 (E.D. Pa. Dec. 22, 2003) ("It is well established that a petitioner is not deprived of his right to effective counsel where the court allows counsel to withdraw [pursuant to a *Finley* no-merit letter]."). Accordingly, the performance of PCRA counsel was not objectively unreasonable and cannot constitute cause sufficient to excuse the procedural default of claims (3b) and (3d).

Finally, Xavier claims ineffective assistance because trial counsel failed to utilize an interpreter to ensure that he understood his options when faced with the plea offer. Even assuming *arguendo* that this claim is "substantial" and that PCRA counsel's performance was objectively unreasonable, the allegedly deficient performance of PCRA counsel did not

constitute ineffective assistance under *Strickland* because it simply did not prejudice Xavier in any fashion. Xavier's *pro se* PCRA pleadings raised the issue of his limited understanding of English (Doc. 10-1, at 106, 110–11; Doc. 10-1, at 127) and the initial-review PCRA court expressly considered and rejected this claim on its merits in its opinion and order (Doc. 10-1, at 162). Based on this, there is simply nothing in the record to suggest that the decision reached by the initial-review PCRA court would reasonably likely have been different absent the alleged error by PCRA counsel. *See Strickland*, 466 U.S. at 696. Accordingly, the allegedly deficient performance of PCRA counsel did not prejudice Xavier and therefore cannot constitute cause sufficient to excuse the procedural default of claim (3e).

Consequently, it is recommended that the petition be denied as procedurally defaulted with respect to Xavier's claim (3b), that trial counsel advised him that he would face a life sentence if he proceeded to trial, claim (3d), that trial counsel erroneously advised him that he could reasonably expect to be paroled upon serving his minimum sentence, and claim (3e), that trial counsel failed to utilize an interpreter to ensure that he understood his options when faced with a plea offer.

## B. Denial of the Right Against Self-Incrimination

Xavier's second claim for habeas relief has alleged that he was denied his right against self-incrimination when he was interrogated by police and gave a confession while hospitalized and intoxicated. In the preceding section, it has been recommended that the Court reject Xavier's challenges to the validity of his guilty plea. If those recommendations are adopted, Xavier's guilty plea will remain valid.

As previously noted, a valid guilty plea waives all non-jurisdictional claims occurring prior to the guilty plea that are not expressly preserved by the plea agreement. *See Tollett*, 411 U.S. at 266–67; *Washington*, 475 F.3d at 165. This includes the Fifth Amendment right against self-incrimination. *See Washington*, 475 F.3d at 165 (quoting *Mezzanatto*, 513 U.S. at 201).

In this case, Xavier unconditionally pleaded guilty to third-degree murder, and his plea agreement did not preserve any issues for appellate review. (*See* Doc. 10-1, at 26–27). Indeed, the state trial court expressly advised Xavier, and he expressly acknowledged, that his guilty plea would waive any rights he might have with respect to any motions to suppress evidence. (Doc. 10-1, at 19). As a result, Xavier has waived any federal

claim that his hospital-bed interrogation and confession violated his Fifth Amendment right against self-incrimination. *See Tollett*, 411 U.S. at 266–67; *Washington*, 475 F.3d at 165.

Accordingly, it is recommended that the petition be denied as waived with respect to Xavier's claim (2), that he was denied his right against self-incrimination when he was interrogated by police and gave a confession while hospitalized and intoxicated.

## III.   RECOMMENDATION

Based on the foregoing, it is recommended that the petition (Doc. 1) be **DENIED** and **DISMISSED WITH PREJUDICE**. It is further recommended that the Court decline to issue a certificate of appealability, as the petitioner has failed to demonstrate "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see also Miller-El v. Cockrell*, 537 U.S. 322, 335–36 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).


Dated: May 22, 2015                    *s/ Joseph F. Saporito,  Jr.*
                                        JOSEPH F. SAPORITO, JR.
                                        United States Magistrate Judge

# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

GUSTAVO XAVIER,

      Petitioner,

      v.

MICHAEL HARLOW,
Superintendent,

      Respondent.

CIVIL ACTION NO. 3:12-CV-01603

(CAPUTO, J.)
(SAPORITO, M.J.)

## <u>NOTICE</u>

NOTICE IS HEREBY GIVEN that the undersigned has entered the foregoing Report and Recommendation dated May 22, 2015. Any party may obtain a review of the Report and Recommendation pursuant to Local Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636(b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified proposed findings or

recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.


Dated: May 22, 2015                    ***s/ Joseph F. Saporito, Jr.***
                                       JOSEPH F. SAPORITO, JR.
                                       United States Magistrate Judge