**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

**GUSTAVO XAVIER**,

      Petitioner,

      v.

**MICHAEL HARLOW, et. al.**,

      Respondents.

CIVIL ACTION NO. 3:12-CV-1603

(JUDGE CAPUTO)

(MAGISTRATE JUDGE SAPORITO)

## MEMORANDUM

Presently before the Court is Magistrate Judge Joseph F. Saporito, Jr.'s ("Magistrate Judge Saporito") Report and Recommendation ("R & R") (Doc. 18.) recommending that the Petition for Writ of Habeas Corpus filed by Petitioner, Gustavo Xavier ("Xavier"), be denied and dismissed with prejudice and that a certificate of appealability not be issued. Xavier filed timely objections to the R & R, asking this Court to reject the recommendation, or in the alternative, issue a certificate of appealability.  Because Xavier has failed to demonstrate that the Pennsylvania Superior Court's decision was contrary to Supreme Court precedent and because he has failed to allege a violation of his constitutional rights, his objections will be overruled, the recommendation will be adopted, his habeas petition will be denied and dismissed, and a certificate of appealability will not be issued.

### I. Background

#### A.    *Factual and Procedural Background*

The facts as set forth in Magistrate Judge Saporito's R & R and Xavier's Brief in Support of Objections (Doc. 22.) are as follows: Petitioner, Gustavo Xavier, entered a guilty plea in the Susquehanna County Court of Common Pleas on May 1, 2009. Xavier pleaded guilty to one (1) count of third-degree murder. On May 19, 2009, Xavier filed a motion to withdraw his guilty plea but subsequently withdrew the motion. On May 21, 2009, Xavier was sentenced, as agreed upon, to twenty (20) to forty (40) years in a Pennsylvania State

Correctional Facility. After sentencing, Xavier's original charges of one (1) open count of criminal homicide and one (1) count of aggravated assault were *nolle prossed*, pursuant to the plea agreement.

Xavier did not file a direct appeal but filed a *pro se* Post Conviction Relief Act ("PCRA") petition in the Susquehanna Court of Common Pleas on November 24, 2009. On November 17, 2010, he filed an amended or supplemental PCRA petition.[1] An attorney was subsequently appointed to represent Xavier for PCRA purposes. On March 18, 2011, the appointed attorney filed a no merit letter and requested to withdraw as counsel pursuant to the dictates of *Commonwealth v. Turner,* 518 Pa. 491, 544 A.2d 927 (Pa.1988), and *Commonwealth v. Finley,* 379 Pa. Super. 390, 550 A.2d 213 (Pa. Super.1988) (en banc).

On September 27, 2011, the Susquehanna County Court of Common Pleas denied Xavier's request for PCRA relief and granted appointed counsel's request to withdraw.[2] Xavier appealed to the Pennsylvania Superior Court ("Superior Court") which affirmed the denial of PCRA relief on May 23, 2012. Xavier did not file a petition for allocatur with the Supreme Court of Pennsylvania.

On August 6, 2012[3], Xavier filed a *pro se* federal habeas petition in the Western

---

[1]

As Magistrate Judge Saporito indicates, although the documents are noted as filed on November 30, 2009, and November 19, 2010, respectively, the "prisoner mailbox rule" is applicable to PCRA petitions [and], the date of filing is the "date of delivery of the PCRA petition by the defendant to the proper prison authority or to a prison mailbox." *Com. v. Little,* 716 A.2d 1287, 1288 (Pa. Super. Ct. 1998); *See* 28 U.S.C. foll. § 2254, Rule 3(d). Therefore, the dates the petitions were mailed, November 24, 2009, and November 17, 2010, are the operative filing dates.

[2]

The PCRA court did not hold an evidentiary hearing. I do note, however, that Xavier's initial PCRA filings indicated he would not be calling any witnesses at an evidentiary hearing. (Doc. 10-1, 82-83.)

[3]

Although docketed on August 10, 2012, the document appears to have been

2

District of Pennsylvania. (Doc. 1.) The matter was transferred to the Middle District of Pennsylvania on August 14, 2012. (Docs. 2-3.) On September 10, 2012, the Susquehanna County District Attorney's Office ("Respondent") filed an answer to the petition as the respondent. (Doc. 10.) On October 15, 2012, Xavier filed a reply to Respondent's answer. (Doc. 12.) On December 17, 2012, the Federal Public Defender's Office was appointed to represent Xavier. (Doc. 13.) On March 25, 2013, the Public Defender filed a supplemental reply on behalf of Mr. Xavier.  (Doc. 16.) Magistrate Judge Saporito issued the current R & R on May 22, 2015. (Doc. 18.) On June 30, 2015, Xavier filed timely objections (Doc. 21.) and a brief in support of his objections (Doc. 22.).[4] Respondent filed a brief in opposition to Xavier's objections. (Doc. 23.) Xavier did not file a reply brief. As such, the R & R and Xavier's objections thereto, are ripe for review.

## B.    *Pennsylvania State Court Proceedings*

The initial-review PCRA court addressed five claims of alleged ineffectiveness asserted by Xavier and determined that no claim merited PCRA relief. (Doc. 10-1, 161-64.) The claims were as follows: failing to recognize or assist Xavier due to his lack of sufficient command of the English language; failing to advance a diminished capacity defense; failing to obtain an autopsy report; imposition of an excessive sentence; and failing to inform the trial court that Xavier was a police officer in Uruguay. (*Id.)* The court denied the petition.

Following the PCRA court's decision and the permitted withdrawal of appointed counsel, Xavier filed an appeal. The Superior Court issued a Memorandum and Order and affirmed the denial of PCRA relief. (Doc. 10-1, 255-67.) The Superior Court addressed the following ineffectiveness claims: failing to file a pre-trial motion challenging the voluntariness

---

deposited in the prison mail system on  August 6, 2012.

[4]

   On June 1, 2015, following an unopposed motion, Magistrate Judge Saporito ordered that Xavier be granted an enlargement of time to file objections to the R & R. (Doc. 20.)

of Xavier's confession; mistakenly advising that if Xavier proceeded to trial, he would not be successful in pursuing a diminished capacity defense of intoxication and post-traumatic stress disorder; failing to inform that a third-degree murder conviction carries a minimum sentence of six (6) to twelve (12) years; misadvising that it did not matter that Xavier used a car jack as opposed to a sink pipe to kill the victim; and PCRA counsel's failure to adequately raise claims of plea counsel's ineffectiveness. (*Id.*) The Superior Court deemed all claims not listed above to be waived pursuant to the Pennsylvania Rules of Appellate Procedure. (*Id.* at 2 n. 1.) Xavier did not seek allocatur with the Pennsylvania Supreme Court.[5]

## II. Legal Standards

### A.    *Standard for Reviewing a Report and Recommendation*

Where objections to the Magistrate Judge's Report and Recommendation are filed, the court must conduct a *de novo* review of the contested portions of the report. *Sample v. Diecks*, 885 F.2d 1099, 1106 n. 3 (3d Cir.1989) (citing 28 U.S.C. § 636(b)(1)(c)). However, this applies only to the extent that a party's objections are both timely and specific. *Goney v. Clark*, 749 F.2d 5, 6–7 (3d Cir.1984). In conducting a *de novo review*, the court may accept, reject, or modify, in whole or in part, the factual findings or legal conclusions of the magistrate judge. *See* 28 U.S.C. § 636(b)(1); *Owens v. Beard*, 829 F. Supp. 736, 738 (M.D. Pa. 1993). Although the review is *de novo*, the law permits the court to rely on the recommendations of the magistrate judge to the extent it deems proper. *See United States v. Raddatz*, 447 U.S. 667, 675–76, 100 S. Ct. 2406, 65 L. Ed. 2d 424 (1980); *Goney*, 749 F.2d at 7; *Ball v. United States Parole Comm'n*, 849 F.Supp. 328, 330 (M.D. Pa.1994).

---

[5]

"[A] state prisoner need not petition the Pennsylvania Supreme Court for allocatur in order to exhaust state court remedies and seek habeas relief in federal court." *Lambert v. Blackwell*, 387 F.3d 210, 233 (3d Cir. 2004).

Uncontested portions of the report may be reviewed at a standard determined by the district court. *See Thomas v. Arn*, 474 U.S. 140, 154, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); *Goney*, 749 F.2d at 7.  At the very least, the court should review uncontested portions for clear error or manifest injustice. *See*, *e.g.*, *Cruz v. Chater*, 990 F.Supp. 375, 376–77 (M.D. Pa. 1998).

### B.    *Standard for Relief under 28 U.S.C. § 2254*

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a petitioner in custody pursuant to a state court judgment may apply for a writ of habeas corpus in federal court "on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254. Section 2254(d)[6] "places 'new constraint[s] on the power of a federal habeas court to grant a state prisoner's application for a writ of habeas corpus with respect to claims adjudicated on the merits in state court.'" *Woodford v. Garceau*, 538 U.S. 202, 206, 123 S. Ct. 1398, 1401, 155 L. Ed. 2d 363 (2003) (citing *Williams v. Taylor,* 529 U.S. 362, 412, 386, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000)). "Under AEDPA, a federal habeas court cannot grant relief after a state court has rejected the petitioner's claim on the merits unless the state court's decision was 'contrary to,' or an 'unreasonable application of,' clearly established Supreme Court precedent." *Jamison v.*

---

[6]

> Section 2254(d) provides:
> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--
> **(1)** resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> **(2)** resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C.A. § 2254(d).

*Klem*, 544 F.3d 266, 271 (3d Cir. 2008) (citing 28 U.S.C. § 2254(d)). First, the court must "determine whether the state court decision was 'contrary to' Supreme Court precedent that governs the petitioner's claim' and '[r]elief is appropriate only if the petitioner shows that Supreme Court precedent requires an outcome contrary to that reached by the relevant state court.'" *Matteo v. Superintendent, SCI Albion*, 171 F.3d 877, 891 (3d Cir. 1999) (citing *O'Brien v. Dubois,* 145 F.3d 16, 24–25 (1st Cir. 1998)). If the state court decision was not contrary to existing Supreme Court precedent, then "the federal habeas court must ask whether the state court decision represents an 'unreasonable application of' Supreme Court precedent: that is, whether the state court decision, evaluated objectively and on the merits, resulted in an outcome that cannot reasonably be justified. If so, then the petition should be granted.'" *Matteo*, 171 F.3d at 891.

### III. Discussion

Xavier has raised eleven (11) objections to Magistrate Judge Saporito's R & R, necessitating a *de novo* review of those portions specifically objected to. Following review of Xavier's *pro se* and counseled filings, Magistrate Judge Saporito breaks down Xavier's allegations into five separate claims with subparts and analyzes the claims accordingly. (Doc. 18, 4-5.) Because several of Xavier's objections overlap and address Magistrate Judge Saporito's five framed issues, the five claims are addressed below along with Xavier's corresponding objections. The R & R lists those five alleged claims as follows:

> (1) Xavier was denied the effective assistance of counsel in trial proceedings because his trial counsel failed to move to suppress an allegedly inadmissible confession given to police when Xavier was hospitalized and intoxicated;
>
> (2) Xavier was denied his right against self-incrimination when he was interrogated by police and gave a confession while hospitalized and intoxicated;
>
> (3) Xavier's conviction was based on a guilty plea that was not knowing, voluntary, and intelligent due to ineffective assistance of counsel;
>
> (4) Xavier was denied the effective assistance of counsel in trial proceedings because his counsel failed to advise him that diminished capacity was an available defense to the charge of criminal homicide; and
>
> (5) Xavier was denied the effective assistance of counsel in PCRA

> proceedings because his PCRA counsel failed to raise ineffective assistance of trial counsel claims with respect to the hospital-bed confession and diminished capacity claims. . . .

(Doc. 18, 4-5.) Magistrate Judge Saporito recommends that Xavier's habeas petition be denied and dismissed. Xavier now asks this Court to grant habeas relief and argues that "the state court unreasonably applied [the correct governing legal] principles to the facts of Xavier's case," and the "state court's decision that Xavier received effective assistance of counsel was an 'unreasonable application' of *Strickland* [v. *Washington*, 466 U.S. 668, 104 S. Ct. 2052 (1984)]." (Doc. 22, 11.)

Xavier must demonstrate he was denied the effective assistance of counsel to be eligible for relief, and to do so, under *Strickland*, he must show that (1) the performance of counsel fell below an objective standard of reasonableness, and (2) the performance of counsel unfairly prejudiced the defense." 466 U.S. at 687-88, 691, 104 S. Ct. 2052. "Both *Strickland* prongs must be satisfied," *George v. Sively*, 254 F.3d 438, 443 (3d Cir. 2001) (citing *United States v. Nino*, 878 F.2d 101, 104 (3d Cir. 1989)); however, "a court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies. . . if it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice." *Strickland*, 466 U.S. at 697, 104 S. Ct. 2052. The Supreme Court has determined that  "two-part *Strickland v. Washington* test applies to challenges to guilty pleas based on ineffective assistance of counsel." *Hill v. Lockhart*, 474 U.S. 52, 58, 106 S. Ct. 366, 370, 88 L. Ed. 2d 203 (1985).

The first *Strickland* prong requires that  "[w]hen a convicted defendant complains of the ineffectiveness of counsel's assistance, the defendant must show that counsel's representation fell below an objective standard of reasonableness." *Id.* at 57,  369 (citing *Strickland*, 466 U.S. at 687-688, 104 S.Ct. 2052) (citations omitted). Reasonableness is "assessed on the facts of the particular case, viewed as of the time of counsel's conduct." *Outten v. Kearney*, 464 F. 3d 414 (3d Cir. 2006) (citing *Strickland,* 466 U.S. at 689, 104 S.Ct. 2052)). The second prong, or "prejudice," requirement,

> focuses on whether counsel's constitutionally ineffective performance affected

the outcome of the plea process. In other words, in order to satisfy the 'prejudice' requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.

*Hill*, 474 U.S. at 59, 106 S. Ct. 366.

## A.   *Validity of Xavier's Guilty Plea*

Magistrate Judge Saporito first addresses the validity of Xavier's guilty plea because his "first and third claims for habeas relief have alleged that his conviction was based on a guilty plea that was not knowing, voluntary, and intelligent due to ineffective assistance of counsel" and "a valid guilty plea waives all non-jurisdictional claims occurring prior to the guilty plea that are not expressly preserved by the plea agreement." (Doc. 18, 6-7 (citing *Tollett v. Henderson,* 411 U.S. 258, 266-67 (1973); *Washington v. Sobina*, 475 F. 3d 162, 165 (3d Cir. 2007) (per curiam)).

Assessing the validity of a guilty plea involves determining "whether the plea represents a voluntary choice among the alternative courses of action open to the defendant." *Hill*, 474 U.S. at 58, 106 S. Ct. 366. (citations omitted). "[T]here is no violation of the Constitution when a guilty plea results from an intelligent act done with sufficient awareness of the relevant circumstances and likely consequences," and "[t]o be entitled to relief, a defendant must 'prove serious dereliction on the part of counsel sufficient to show that his plea was not, after all, a knowing and intelligent act.'" *McMann v. Richardson,* 397 U.S. 759, 766,774,  90 S.Ct. 1441, 1447, 1450,  25 L.Ed.2d 763 (1970). "[A] plea's validity may not be collaterally attacked merely because the defendant made what turned out, in retrospect, to be a poor deal." *Bradshaw v. Stumpf,* 545 U.S. 175, 186, 125 S. Ct. 2398, 2407, 162 L. Ed. 2d 143 (2005) (citations omitted).  But "[r]ather, the shortcomings of the deal . .. obtained cast doubt on the validity of [the] plea only if they show either that he made the unfavorable plea on the constitutionally defective advice of counsel, or that he could not have understood the terms of the bargain he [had] agreed to." *Id.*

Xavier asserts that "[i]n sum, [his] position is that, but for the ineffectiveness of his trial counsel, he would not have entered the negotiated guilty plea and would have proceeded

8

to trial." (Doc. 16, 4.) Xavier claims that he "accepted the marginally better option presented by ineffective counsel rather than go to trial and face a life sentence." (*Id.* at 8.) Xavier frames his allegations as cumulative error on the part of trial counsel that denied him his Sixth Amendment right to counsel and stated that the following failures:

> combined to establish representation below an objective standard of reasonableness: (1) trial counsel did not investigate all substantial defenses to third degree murder available to Xavier. Specifically, she did not investigate or discuss with Xavier the crime of manslaughter; (2) trial counsel should have discussed manslaughter with Xavier because trial counsel was aware of, yet failed to investigate, the violent past between Xavier and the victim, nor did she consider the injuries inflicted by the victim on Xavier the day of the victim's death . . .; (3) trial counsel failed to review Xavier's medical records from his August 31, 2008 admission to Community Medical Center . . .; (4) trial counsel failed to move to challenge Xavier's statement made while he was a patient in the ICU of the hospital. . . ; (5) trial counsel was aware that Xavier's primary language was Spanish and that he had an English reading level grade of 3.6, yet she never offered an interpreter who could have insured that Xavier understood all of his options. These omissions combined to establish that trial counsel's performance was deficient. But for counsel's deficient performance, Xavier would never had pled guilty to third degree murder.

(*Id.* at 7-8.) Throughout his objections and supporting brief, Xavier continues to assert trial counsel's combined deficiencies amount to prejudice. (Docs. 21- 22.)  Magistrate Judge Saporito does not separately address Xavier's claim of cumulative error, but acknowledges Xavier's contention that the alleged omissions "should be taken together to fashion a broader claim of ineffective assistance of counsel." (Doc. 18, 25 n. 11.) Because Magistrate Judge Saporito does not address cumulative error, I will address it more fully below. *See Williams v. Superintendent, SCI Greene*, 2012 WL 6057929 (E.D. Pa., Dec. 4, 2012)*.*

### 1. *Cumulative Prejudice*

Xavier alleges in his supplemental reply that he was prejudiced by the cumulative error of trial counsel. Xavier argues that he has:

> presented all of the reasons that counsel was ineffective in inducing him to enter a plea including a failure to properly investigate and discuss defenses and lesser included offenses, the failure to challenge Xavier's involuntary statement and the failure to obtain an interpreter to endure that Xavier completely understood the proceedings. The cumulative effect of counsel's errors combined to establish deficient performance of counsel which prejudiced Xavier.

(Doc. 22, 11-12.)  When faced with a petition seeking habeas relief from a conviction after

trial, the Third Circuit has stated that "[t]he cumulative error doctrine allows a petitioner to present a standalone claim asserting the cumulative effect of errors at trial that so undermined the verdict as to constitute a denial of his constitutional right to due process." *Collins v. Secretary of PA Dept. Of Corr.,* 742 F. 3d 528, 542 (2014).[7] The cumulative error doctrine "'applies in determining whether habeas relief must be granted because of constitutional error of the trial type' and is 'grounded in the federal harmless-error rule 28 U.S.C. § 2111'"[8] *Brecht v. Abrahamson*, 507 U.S. 619, 638, 113 S. Ct. 1710, 1722, 123 L. Ed. 2d 353 (1993). However, "cumulative review is proper under *Strickland*," only after the petitioner's claims "surmount the first prong of the *Strickland* analysis." *Pursell v. Horn,* 187 F. Supp. 2d 260, 363 (W.D. Pa. 2002). Therefore, trial counsel's performance must be found to be deficient on the individual claims of error before errors can be aggregated to demonstrate prejudice. The Third Circuit has also stated that "a claim of cumulative error must be presented to the state courts before it may provide a basis for habeas relief." *Collins,* 742 F. 3d at 543.

The "cumulative error" standard has been applied in cases where a petitioner elected to go to trial. Xavier cites to *DeShields v. Shannon*, 338 Fed. App'x 120 (3d Cir. 2009). (Doc. 22, 11-12). The court affirmed the grant of a habeas petition where the petitioner's trial counsel had failed to cross-examine a witness who made inconsistent statements, failed to

---

[7]

Xavier alleges he was denied his Sixth Amendment right to effective assistance of counsel. (Doc. 16, 2.) The Third Circuit has not addressed whether cumulative error is to be applied to Sixth Amendment claims for ineffective assistance of counsel. *See Williams v. Superintendent, SCI Greene*, No. CIV.A. 11-4319, 2012 WL 6057929, at *1 (E.D. Pa. Dec. 4, 2012).

[8]

*See* Fed. R. Civ. P. 61 ("Unless justice requires otherwise, no error in admitting or excluding evidence--or any other error by the court or a party--is ground for granting a new trial, for setting aside a verdict, or for vacating, modifying, or otherwise disturbing a judgment or order. At every stage of the proceeding, the court must disregard all errors and defects that do not affect any party's substantial rights.").

present gun shot residue evidence, and failed to call two available favorable defense witnesses; all relating to the central issue of whether or not the petitioner possessed a gun. *DeShields*, 338 Fed. App'x at * 125. The court agreed that counsel's performance was constitutionally deficient stating that "when the record is viewed as a whole and the cumulative effect of counsel's failures is considered, we feel compelled to say that the [petitioner's] counsel was deficient in his performance," because "there [was] a reasonable probability that at least one juror would have harbored a reasonable doubt," if the omitted evidence had been presented. *Id*; *Compare U.S. v. Colon*, 2014 WL 1408469 (E.D. Pa., April 11, 2014) (because counsel did not make any unprofessional errors, and because the alleged errors by counsel would have either been denied or overruled by the trial court, the defendant failed to demonstrate prejudice on his individual claims of error, and thus failed to demonstrate cumulative actual prejudice"); *Saget v. Bickell*, No. CIV. 12-2047, 2014 WL 4992572, at *25 (E.D. Pa. Oct. 6, 2014), certificate of appealability denied (Aug. 11, 2015) (despite first evaluating the petitioner's claims of trial counsel's alleged errors in the aggregate because the court did "not have the foundation of a finding on each ineffectiveness claim under the performance prong of *Strickland*," there was no need to reach deficiency when the aggregate of all claims did not amount to prejudice).

Although several courts in the Third Circuit have stated that "[i]f counsel has been deficient in any way. . . the habeas court must determine whether the cumulative effect of counsel's errors prejudiced the defendant within the meaning of *Strickland*," *Dobson v. Balicki*, No. CIV.A. 11-2924 JBS, 2014 WL 1404577, at *5 (D.N.J. Apr. 10, 2014 (citing *Berryman v. Morton,* 100 F.3d 1089, 1101–02 (3d Cir.1996)), there is debate regarding whether cumulative error claims constitute clearly established federal law as recognized, but unresolved, by the court in *Saranchak v. Sec'y, PA Dep't. Of Corr.,* 802 F. 3d. 579, 590 n. 7 (3d Cir. 2015).[9] The court in *Williams*, 2012 WL 6057929, at *1, stated that the Third Circuit

---

[9]

The court did not decide whether the cumulative error claims are clearly established under Supreme Court precedent, because the petitioner's cumulative error claim failed *de*

recognizes "errors that individually do not warrant habeas relief may do so when combined," but has "not explicitly explained whether claims are considered in the aggregate under the Sixth Amendment right to counsel, or whether the cumulative error approach is analyzed solely under a due process rubric, in determining whether the aggregated errors led to a fundamentally unfair trial." 2012 WL 6057929 at *1 (citations omitted) (after deeming only one claim meritorious, aggregation was not appropriate because the petitioner "could not have suffered prejudice under the cumulative effect of only one error.").

All cases cited above address petitioners who have exercised their right to trial. Despite postures different from the current case, the common thread is that if the petitioner cannot demonstrate deficiency, the claims cannot cumulatively amount to relief. In light of the this, while remaining mindful that Xavier has entered a plea and not gone to trial, it is still incumbent upon Xavier to demonstrate that the actions of trial counsel were deficient in order to assess whether alleged errors were cumulatively prejudicial. See *Pursell v. Horn*, 187 F. Supp. 2d 260, 363 (W.D. Pa. 2002) (where none of the petitioner's claims met the first *Strickland* prong, cumulative review is unnecessary). Any alleged prejudice resulting from the combination of trial counsel's alleged errors must surmount the first *Strickland* prong, *i.e.*, deficiency. There must be error to be cumulative error.

Additionally and, arguably of more importance, Xavier failed to present a claim of cumulative error to the Superior Court and, only the claims raised and argued by Xavier, as outlined above, were addressed.[10] In *Collins,* the petitioner's individual claims of trial error were presented to the state court; however, the petitioner failed to present a separate, standalone claim for relief based on cumulative error. 742 F. 3d at 543. The court

---

*novo* review. *Saranchak,* 802 F. 3d. at 590 n. 7.

[10]

This was acknowledged by Xavier. "The Pennsylvania Superior Court did not address Xavier's claim with regard to the involuntariness of his plea in connection with his allegation of ineffective assistance of counsel." (Doc. 21, 4.) Xavier, however, states that his "uncounseled PCRA filings sufficiently allege that his guilty plea was not knowing and voluntary," apparently arguing for excuse of any procedural default.

determined the claim was not exhausted but, because the petitioner could not return to state court, the claim was procedurally defaulted and not properly before the court. *Id.* The Third Circuit has not, however, addressed whether the cumulative error doctrine can be applied in cases where a guilty plea was entered, and, therefore, has not definitively stated that the claim must be presented to the state court first for determination. However, Pennsylvania state courts have held that when a claim fails based on lack of merit, it cannot be combined with other claims that fail on merit, but when a claim fails due to lack of individual prejudice, then cumulative prejudice can be assessed.[11] This standard is consistent with the above that the claims must be first deemed errors or deficiencies before they can be combined and, therefore, there is potentially a cognizable claim under Pennsylvania law.

Pursuant to *Collins*, because Xavier failed to present a claim of cumulative error to the Superior Court, such a claim is likely procedurally defaulted. However, as set forth more fully below, because the state court's determination that Xavier failed to meet the *Strickland* standard was not unreasonable, I need not decide whether the alleged errors combined to prejudice Xavier. Therefore, I will turn Xavier's allegations as set forth by Magistrate Judge Saporito.

## 2. *Failure to Seek Suppression of the Confession*

As set forth in the R & R, Xavier's first claim of error, that was denied by the Superior Court on PCRA appeal, is, "but for trial counsel's failure to move to suppress or otherwise challenge the admissibility of his hospital-bed confession, he would not have agreed to plead guilty." (Doc. 18, 7.) As Magistrate Judge Saporito states, "Xavier frames his first claim as a simple ineffective assistance of counsel claim with respect to a motion to suppress the confession, [but] the prejudice alleged is that he would not have pleaded guilty but for his trial counsel's failure to move to suppress the allegedly inadmissible confession." (*Id.* at n. 7.) In

---

[11]

"When the failure of individual claims is grounded in lack of prejudice, then the cumulative prejudice from those individual claims may properly be assessed." *Com. v. Spotz*, 610 Pa. 17, 146, 18 A.3d 244, 321 (2011).

denying this claim, the Superior Court determined that Xavier "ha[d] not shown that he was prejudiced by guilty plea counsel's failure to file a suppression motion." (Doc. 10-1, pp. 262-63.) Magistrate Judge Saporito recommends that Xavier's habeas petition be denied with respect to this claim. Xavier argues in support of his objection that the claim should not be dismissed because the failure of his plea counsel to seek suppression combines with plea counsel's other omissions to establish deficient performance that prejudiced Xavier. (Doc. 21, 8.)[12]

The Superior Court stated that Xavier failed to aver "that but for guilty plea counsel's failure to file a suppression motion, he would not have entered into a negotiated guilty plea" and simply stated "Appellant has not shown that he was prejudiced by guilty plea counsel's failure to file a suppression motion." (Doc. 10-1, 262-63.)The Superior Court additionally stated the following:

> "In his supplemental brief, Appellant acknowledged the law requires he 'show prejudice, the defendant must establish a reasonable probability that, but for counsel's errors, he would not have pleaded guilty.' . . . However, Appellant did not then indicate that he would have sought to withdraw his plea and made no

---

[12]

In addition to this claims, the R & R lists a second, separate claim where Xavier alleges denial of his right against self-incrimination when he gave a confession to police during an interrogation while hospitalized and intoxicated. Magistrate Judge Saporito states this independent claim of direct constitutional error was raised for the first time in Xavier's federal habeas petition (Doc. 18, 5.), and addresses this claim last in the R & R based on his determination that the guilty plea was valid and therefore, any constitutional claims that preceded the guilty plea are waived. (Doc. 18, 34-35.) Xavier disagrees that the claim is raised for the first time and objects. (Doc. 21, 1-2.) Xavier argues that he alleged that his Fifth Amendment right, *i.e.,* his right against self-incrimination, was violated when he gave a statement to police while in the hospital, in his filings with the Superior Court. (Doc. 21, 3.) However, his objection concludes that his "focus in these habeas proceedings is the ineffective assistance of counsel in advising him to enter a plea without adequately investigating and considering a challenge to the involuntary confession." (Doc. 21, 3.) "[W]hile claims of prior constitutional deprivation may play a part in evaluating the advice rendered by counsel, they are not themselves independent grounds for federal collateral relief." *Tollett*, 411 U.S. at 267. Because I will adopt the recommendation to dismiss the habeas petition and because a valid guilty plea eliminates any challenges to actions of counsel that precede the guilty plea, I will also adopt Magistrate Judge Saporito's reasoning and recommendation that because Xavier's guilty plea was valid, he cannot now obtain relief for failure to seek suppression of an inculpatory statement.

such allegation as it relates to counsel failing to file a suppression motion."

(*Id.* at 7 n. 7.) Xavier contends this was an incorrect finding, arguing that he presented prejudice sufficient for consideration. (Doc. 22, 12; 14.) Where, as here, a state court has addressed a claim on its merits, "[a] federal court may not grant habeas relief simply because it has concluded in its independent judgment that the state court decision applied clearly established federal law erroneously or incorrectly." *Brown v. Rozum*, No. 3:CV-12-2021, 2014 WL 3670326, *7 (M.D. Pa. July 23, 2014), certificate of appealability denied (June 3, 2015) (citing *Renico v. Lett,* 559 U.S. 766, 130 S.Ct. 1855, 176 L.Ed.2d 678 (2010)).  "Rather, the state court application must be objectively unreasonable . . .," and this  "distinction creates a substantially higher threshold for obtaining relief under § 2254 and imposes a highly deferential standard for evaluating state court decisions. Simply put, 'state-court decisions [must] be given the benefit of the doubt.'" *Brown*, 2014 WL 3670326, at *7 (citations omitted). "An 'unreasonable application of' Supreme Court precedent occurs when 'the state court decision, evaluated objectively and on the merits, resulted in an outcome that cannot reasonably be justified under existing Supreme Court precedent.'" *Villot v. Varner*, 465 F. Supp. 2d 439, 445 (E.D. Pa. 2006) (citing *Hackett v. Price*, 381 F.3d 281, 287 (3d Cir.2004)). Secondly, habeas relief is available if the decision was based on "an unreasonable determination of the facts in light of the evidence presented." *Saranchak*, 802 F. 3d at 589 (citing 28 U.S.C. § 2254(d)(2)). Factual determinations by a state court are to be presumed correct and the petitioner must rebut the "presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

The Superior Court applied Pennsylvania law that the Pennsylvania Supreme Court and the Third Circuit have deemed substantively identical to *Strickland*.[13] The Supreme Court

---

[13]
    The Pennsylvania standard for assessing ineffective assistance of counsel claims is as follows:

> (1) the underlying claim is of arguable merit; (2) the particular course of conduct pursued by counsel did not have some reasonable basis designed

has held that "[i]t is past question that the rule set forth in *Strickland* qualifies as 'clearly established Federal law.'" *Williams v. Taylor*, 529 U.S. 362, 391, 120 S. Ct. 1495, 1512, 146 L. Ed. 2d 389 (2000) (citing *Strickland*, 466 U.S. 668, 104 S. Ct. 2052). Therefore, the Superior Court's determination can be overturned only if *Strickland* was unreasonably applied or the decision was premised on unreasonable factual determinations in light of what was available to the court at the time the decision was made.

When the allegation is that counsel failed to suppress a statement or evidence, the relevant inquiry is whether "no competent attorney would think a motion to suppress would have failed." *Premo v. Moore*, 562 U.S. 115, 124, 131 S. Ct. 733, 741, 178 L.Ed.2d 649 (2011). And "[a] defendant who accepts a plea bargain on counsel's advice does not necessarily suffer prejudice when his counsel fails to seek suppression of evidence, even if it would be reversible for the court to admit that evidence." *Id.* at 129.

Magistrate Judge Saporito recommends that Xavier's petition be denied with respect to this claim because "there is nothing to suggest, much less clearly establish, an unreasonable determination of the facts with respect to the Superior Court's finding that Xavier failed to "show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial" and that there is nothing "in the record before the state appellate court to support a finding that the state court's decision was an unreasonable application of *Strickland*." (Doc. 18, 14-15.) Xavier objects and states that "trial counsel's failure to move to suppress the statement made by Xavier while a patient in an ICU *combined* with counsel's other omission to establish deficient performance of counsel which prejudiced Xavier." (Doc. 21. at 8.) (emphasis added). However, Xavier has not pointed to any case law that stands for the proposition that the

---

to effectuate his interests; and (3) but for counsel's ineffectiveness, there is a reasonable probability that the outcome of the proceedings would have been different.

*Com. v. Bedell*, 2008 PA Super 168, ¶ 7, 954 A.2d 1209, 1211 (2008).

errors of counsel in combination can amount to prejudice sufficient to warrant habeas relief when challenging a guilty plea without demonstrating that counsel's performance was deficient.

In response to Xavier's objections, the Susquehanna District Attorney's Office counters that Xavier applies a subjective standard rather than an objective standard to his claim. (Doc. 23, 5.) Respondent argues that Xavier's assertion that a "'reasonable determination' should be based solely upon his bald assertions that he would not have entered a guilty plea but for the errors of his trial counsel" is not proper under the required objective standard of review. (*Id.*) Respondent puts forth that "[i]f an objective standard is applied, it cannot be said that it is reasonable to conclude that this case would have resulted in any other disposition had trial counsel taken any different steps." (*Id.*)

Xavier calls attention to the language in his *pro se* PCRA filing to demonstrate that he has asserted that, had it not been for his counsel's failure to file for suppression, he would not have pleaded guilty. (Doc. 21, 7; Doc. 10-1, pp. 127-28.) Xavier further argues that he asserted that "'[h]ad counsel discussed the available option of manslaughter with Xavier, Xavier would have insisted that counsel move to suppress his statement made to law enforcement while he was in the hospital and demanded a trial." (Doc. 22, 13-14.) However, after review of his appellate filings, Xavier failed to raise this argument to the Superior Court. At no point in Xavier's appellate filings did he address that, but for trial counsel's failure to seek suppression, he would have insisted on going to trial.

Xavier does not address how counsel's failure to file a suppression motion fell below an objective standard of reasonableness and how that purported deficiency was prejudicial to him. The PCRA court did not hold a hearing; therefore, I am without the benefit of trial counsel's explanation for why certain tactical decisions were made. However, based on the record in front of the Superior Court, I cannot say that their factual determinations were unreasonable. Xavier presented his version of events on the night that the victim was killed in his brief filed with the Superior Court. (Doc. 10-1, 183.) Xavier also raised issues regarding

his contentions that the killing was an "act of passion" and that he was entitled to charges of voluntary intoxication and self-defense. (Doc. 10-1, 243.) Clearly, Xavier raises the issues he contends are the reasons he was prejudiced by entering a plea to third-degree murder. However, as it relates to Xavier's confession, it does not appear that the confession was the only evidence that could lead the Superior Court to believe that, had it not been for that evidence, Xavier would never have been convicted of third-degree murder. Nor does Xavier allege that without the confession, he could not have been convicted of third-degree murder if he were to go to trial. Simply stating that had he known a manslaughter conviction was possible, he would insisted on suppression, does not demonstrate that the Superior Court's determination was objectively unreasonable. Xavier cannot bootstrap prejudice onto his claims of error, especially when he has failed to show that counsel's performance has fallen below an objective standard or reasonableness. I must defer to the Superior Court and agree with the recommendation of Magistrate Judge Saporito that Xavier has failed to demonstrate prejudice, *i.e.*, but for counsel's failure to file a suppression motion, he would not have pleaded guilty. Further, Xavier was asked if he understood he was giving up his right to file pretrial motions by the trial court and he affirmatively stated his understanding. (*See* Doc. 10-1, 19; *United States v. Williams*, No. 2:12-CR-162-TFM, 2015 WL 4255574, at *4 (W.D. Pa. July 14, 2015) (citing *Blackledge v. Allison,* 431 U.S. 63, 73–74, 97 S.Ct. 1621, 52 L.Ed.2d 136 (1977)) ("There is "[a] substantial barrier against setting aside a guilty plea. . . when a defendant's solemn declarations in open court demonstrated the lawfulness of the plea. Such testimony carries 'a strong presumption of verity.'") The recommendation of Magistrate Judge Saporito will be adopted.

### 3.  *Minimum Sentence and Lesser Included Offenses*

Xavier's third claim, that his plea was not knowing, voluntary and intelligent, is broken into the four following separate allegations of error by Magistrate Judge Saporito: (a) failing to advise Xavier that the minimum sentence for third degree murder was six (6) to twelve (12) years, and persuading him to agree to a sentence of twenty (20) to forty (40) years, which is

the statutory maximum;[14] (b) advising Xavier that he would face a life sentence if he went to trial, in part because a local jury would be more hostile to him as a foreigner; (c) failing to advise Xavier that the charge of criminal homicide included lesser-included manslaughter offenses; and (d) advising Xavier that he could reasonably expect to be paroled upon serving his minimum sentence of twenty (20) years. (Doc. 18, 7-8.) Additionally, in Xavier's supplemental reply, he claims  trial counsel was ineffective for failing to employ an interpreter to ensure that he understood the proceedings. (Doc. 16; Doc. 18, 8.)

Magistrate Judge Saporito determines that Xavier's claims (a) and (c) above were procedurally defaulted and recommends that the petition be denied with regard to those claims.[15] (Doc. 18, 24.) Xavier objects to Magistrate Judge Saporito's determination that his claim that trial counsel was ineffective for failing to advise Xavier that the minimum sentence for a third-degree murder charge was six (6) to twelve (12) years, was procedurally defaulted because Xavier alleges he raised the claim in his state court filings but the Superior Court failed to address it. (Doc. 21, 9.) However, in his brief in support of his objections, Xavier does not appear to further contest Magistrate Judge Saporito's recommendation that this claim was in fact procedurally defaulted. (Doc. 22.) Therefore, the recommendation with regard to claim 3(a) will be adopted because Xavier failed to properly raise the minimum sentence issue with the Superior Court and has not addressed excuse for procedural default. (Doc. 18, 24).

Xavier also objects to Magistrate Judge Saporito's determination that claim 3 (c) was

---

[14]

Although listed as an alleged claim of error, the Superior Court held that Xavier failed to develop this claim on appeal and thus waived the claim. (Doc. 10-1, 265.)

[15]

The Superior Court's determination that Xavier had waived claims not expressly stated was set forth in a footnote stating:

> We have framed the issues after a careful review of the argument portion of Appellant's *pro se* brief and court-permitted supplemental brief. To the extent Appellant presents additional issues in the "Statement of Questions Presented" portion of his brief, in absence of any argument with regard thereto, the issues have been waived. Pa. R.A.P. 2119.

(Doc. 10-1, 259 n. 1.)

procedurally defaulted. (Doc. 21, 5.) In support of his objection, Xavier argues that the Superior Court did not deem his allegations regarding a lesser included offense waived, but rather ignored the claim after he sufficiently developed it in his state court appellate filings. (*Id*.) To support his objection, Xavier claims that "as a pro se petitioner, he adequately raised his claims during his PCRA proceedings and gave the state courts an opportunity to consider them; therefore, his claims are exhausted." (Doc. 22, 5.) Xavier stated in his *pro se* PCRA petition that "the Petitioner would not have been induced by counsel to have plea (sic) guilty to murder in the third degree, because the Petitioner's counsel would have undeniable proof that at the very most Petitioner should have been charged with was (sic) Manslaughter." (Doc. 10-1, 128.) The claim was not addressed in Xavier's counseled PCRA filing, (Doc. 10-1, 115-23.)  and was generally contained in a clause that dealt with his trial counsel's failure to investigate (Doc. 10-1, 128.). Xavier also objects to R & R's purportedly inconsistent statements that the Superior Court deemed claim 3(c) waived (Doc. 18, 8) as opposed to a footnote indicating that the Superior Court had affirmatively addressed Xavier's claim that his trial counsel failed to "advise Xavier of the availability of manslaughter as an alternative lesser-included offense to first-or-third-degree murder" (Doc. 18, 25 n. 11.). Notwithstanding Magistrate Judge Saporito's differing statements, and as discussed below, after *de novo* review, the claim has been procedurally defaulted and the default is not excused.

Federal habeas review is limited by specific and precise procedural requirements. Section 2254(b) requires the total exhaustion of all available state remedies. 28 U.S.C. § 2254 (b). This requirement "has been judicially interpreted to mean that claims must have been presented to the state courts;" but "they need not have been considered or discussed by those courts." *Swanger v. Zimmerman*, 750 F. 2d 291, 295 (3d Cir. 1984). "To assess whether a *pro se* petitioner fairly presented claims to the state courts," pleadings are construed  liberally. *Rainey v. Varner*, 603 F.3d 189, 198 (3d Cir. 2010) (citations omitted). However, for a claim '[t]o be fairly presented, a state court is not required to 'read beyond a petition or a brief . . . in order to find material that indicates the presence of a federal claim.'"

*Collins*, 742 F. 3d at 541 (citing *Baldwin v. Reese*, 541 U.S. 27, 32, 124 S. Ct. 1347 (2004)).

The "exhaustion requirement is also grounded in principles of comity; in a federal system, the States should have the first opportunity to address and correct alleged violations of state prisoner's federal rights." *Coleman v. Thompson*, 501 U.S. 722, 731, 111 S. Ct. 2546, 2555, 115 L. Ed. 2d 640 (1991) holding modified by *Martinez v. Ryan*, 132 S. Ct. 1309, 182 L. Ed. 2d 272 (2012). "The petitioner must  give the state the opportunity to pass upon and correct alleged violations of a petitioner's federal rights." *Collins*, 742 F. 3d 528, 541 (citing *Baldwin*, 541 U.S. at 29, 124 S. Ct. 1347)) (citations omitted). The procedural default doctrine also applies to bar federal habeas review when a state court declined to address a prisoner's federal claims because the prisoner had failed to meet a state procedural requirement. *Coleman*, 501 U.S. at 729-30, 111 S. Ct. 2546. Federal courts are prohibited "from reviewing a state court decision involving a federal question if the state court decision is based on a rule of state law that is independent of the federal question and adequate to support the judgment." *Collins*, 742 F. 3d at 540. "Procedural default may only be excused upon a showing of 'cause and prejudice' or a fundamental miscarriage of justice." *McKnight v. Corbett*, 2011 WL 5914563, *6 (E.D. September 1, 2011) (citing *Lines v. Larkin,* 208 F. 3d 153, 166 (3d Cir. 2000)).

Xavier argues that his trial counsel failed to advise him that Pennsylvania recognized other lesser-included offenses to criminal homicide and if he had been advised of such, "he would not have agreed to plead guilty to third-degree murder under terms requiring him to serve a minimum sentence of twenty years in prison."  Magistrate Judge Saporito states that Xavier's claim was procedurally defaulted due to the Superior Court's determination that he waived this claim. (Doc. 18, 16.) Xavier counters that "[b]ecause the Pennsylvania Superior Court incorrectly determined some of Xavier's claims to be waived, there is no procedural default of his habeas claims." (Doc. 22, 7.) To not be procedurally defaulted, a petitioner must present both the legal theory and the facts supporting his federal claim to the state courts. *Pirela v. Vaughn*, 2014 WL 1199345, * 16 (E.D. Pa. March 24, 2014) (citing *Lesko v. Owens*,

881 F. 2d 44, 50 (3d Cir. 1989) *cert. denied*, 493 U.S. 1036, 110 S. Ct. 759 (1990)). And the petitioner is required to prove that the claims brought in state and federal court are the substantial equivalent and "[s]ubstantial equivalence is not sufficiently demonstrated if only a 'somewhat similar state-law claim was made.'" *Pirelai,* 2014 WL 1199345, at 17 (citing *McCandless v. Vaughn,* 172 F. 3d 255, 261 (3d Cir. 1999)).

The purported waiver was based on Pennsylvania Rule of Appellate Procedure 2119 and held that issues not properly developed in the argument section of Xavier's brief were waived based on their procedural rules. (Doc. 10-1,  n. 1.) Xavier argues the Superior Court has applied their procedural rule incorrectly, and, therefore, wants this Court to overlook the determination by the Superior Court that claims not sufficiently developed through argument were waived. Xavier has not provided any case law to suggest that such a result is appropriate. In *Tillery* v. *Horn*, 142 F. App'x 66 (3d Cir. 2005), the petitioner took issue with the Pennsylvania Superior Court's determination that his ineffective assistance of counsel claim was waived when it was not raised on direct appeal. *Id.* at 67. The petitioner did not challenge the "adequacy or the independence" of the state procedural rule but rather, as the court stated, the petitioner was "charging Pennsylvania with the erroneous application of its own procedural rule, which courts have repeatedly counseled is not a cognizable claim on habeas." *Id.* at 68 (citations omitted).

Although Xavier framed the issue in his statement of questions presented, as follows: "E. Was plea counsel ineffective to NOT explain to the defendant the different classification of Criminal Homicide as murder, Voluntary Manslaughter or Involuntary Manslaughter, Self Defense and Heat of Passion?," (Doc. 10-1, 184.), the matter was not briefed. A review of Xavier's appellate filings demonstrates that, although he does reference issues of self-defense and voluntary intoxication as possible defenses, he does not address that counsel was ineffective for failing to explain to him the different categories of criminal homicide under Pennsylvania law. (Doc. 10-1, 243-45.) The Superior Court determined the claim was waived based on an independent and adequate state procedural rule, and therefore, it is procedurally

defaulted. Despite Xavier's argument that his presentation of the issue through various statements in his PCRA court filings, and references in his appellate filings to trial counsel's failure to explain that self-defense can reduce murder to voluntary manslaughter, was sufficient to show that the claims were not procedurally defaulted,  (Doc. 21, 9-10.) he has failed to prove the varying statements were substantially similar to the claim brought in federal court and that they were properly presented to the Superior Court for review.  Because it was not properly presented, the claim is procedurally defaulted.

However, a federal court can hear a claim that is procedurally defaulted if the petitioner can demonstrate that the default is excused by cause and prejudice or, in the alternative, failure to hear a claim would amount to a miscarriage of justice. *See Cristin v. Brennan*, 281 F.3d 404, 420 (3d Cir. 2002). "The Supreme Court has held that 'cause' will 'ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule.'" *Cristin*, 281 F.3d at 420 (citing *Murray v. Carrier,* 477 U.S. 478, 488, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986)). An example could be "interference by the state with the conduct of a defense or the previous unavailability of the factual or legal basis of a claim." *Cristin*, 281 F.3d at 420 (3d Cir. 2002) (citing *Murray,* 477 U.S. at 488, 106 S.Ct. 2639). For a miscarriage of justice to excuse "a procedural default, a habeas petitioner must 'persuade the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt'" and thus is concerned with actual innocence. *Cristin,* 281 F.3d at 420 (citing  *Schlup v. Delo,* 513 U.S. 298, 329, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995); *Sawyer v. Whitley,* 505 U.S. 333, 339, 112 S.Ct. 2514, 120 L.Ed.2d 269 (1992)).

Xavier states the applicable law regarding excuse of procedural default, but fails to allege sufficient cause and prejudice. Xavier simply states the Superior Court was wrong in their application of their procedural rule. Additionally, as Magistrate Judge Saporito states, Xavier has never claimed actual innocence and fails to allege such now. Therefore, absent a showing by Xavier that the procedural default of his claim is to be excused, the claim is not

properly before this Court. Magistrate Judge Saporito's thorough evaluation and recommendation with regard to this claim will be adopted.

### 4.    *Trial Predictions, Parole and Interpreter*

Magistrate Judge Saporito also addresses Xavier's other allegations of errors by trial counsel that fall under his argument that his plea was not knowing, voluntary or intelligent. (Doc. 18, 24.) Xavier asserts in his *pro se* habeas filings that trial counsel was ineffective for advising him that he would face a life sentence if he proceeded to trial, in part because a local jury would be more hostile to him as a foreigner, and that trial counsel erroneously told him that he could reasonably be expected to be paroled upon serving his minimum.[16] (*Id.*) In his supplemental reply, Xavier also alleges that trial counsel failed to utilize an interpreter to ensure that he understood his options when faced with the plea offer. Magistrate Judge Saporito concludes the above claims were presented for the first time in Xavier's federal habeas petition, and therefore, not exhausted. (Doc. 18, 25.)

Because Xavier does not object to Magistrate Judge Saporito's determinations with regard to his claims that trial counsel was allegedly ineffective for advising him that he would face a life sentence if he went to trial and that he could reasonably expect to be paroled upon serving his minimum, the claims are reviewed "for clear error or manifest injustice." *See, e.g., Cruz*, 990 F.Supp. at 376–7.  I do not find clear error nor manifest injustice, and, therefore, I will adopt the recommendation and dismiss these claims as procedurally defaulted.

As for the remaining claims, the R & R states they were not presented to the initial-review PCRA court and, (Doc. 18, 28.) because, based on procedural rules, a return to state court would be futile, the claims are procedurally defaulted. *See Glenn v. Wynder*, 743 F.3d 402, 409 (3d Cir.) *cert. denied sub nom. Glenn v. Walsh,* 134 S. Ct. 2700, 189 L. Ed. 2d 744 (2014) (Where there is a failure to identify claim in a PCRA petition and where the time limit

---

[16]    Xavier does not object to Magistrate Judge Saporito's determination that these claims were procedurally defaulted.

for filing has expired, "procedural default would constitute an independent and adequate state law ground for the Superior Court's decision" and would bar review."); 42 Pa.C S. A. § 9545 ("Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final").

However, as stated above, procedural default may be excused in certain circumstances. Magistrate Judge Saporito construes Xavier's assertion in his *pro se* filings that his PCRA counsel was ineffective as an argument for cause to excuse procedural default. (Doc. 18, 28.) Claims of ineffectiveness of PCRA counsel are ordinarily not cognizable in federal habeas, but a petitioner's procedural default may be excused if PCRA counsel was ineffective and the underlying claim of trial counsel error has merit. *See Martinez*, 132 S. Ct. at 1319. Magistrate Judge Saporito, however, states that PCRA counsel conducted a conscientious and thorough review of the record and found no meritorious issues, and, therefore, Xavier has failed to demonstrate that both trial and PCRA counsel were ineffective. (Doc. 18, 29) Xavier objects to Magistrate Judge Saporito's determination that PCRA counsel conducted a thorough review of the record prior to filing a no-merit letter. (Doc. 21., 12.) Magistrate Judge Saporito further states, that, even assuming PCRA counsel was ineffective and this was a substantial claim, "there is simply nothing in the record to suggest that the decision reached by the initial-review PCRA court would reasonably likely have been different absent the alleged error by PCRA counsel" and therefore cannot excuse the procedural default of this claim. (*Id.* at 27.) But as stated below, because Xavier has specifically withdrawn his claims regarding ineffectiveness of PCRA counsel, Xavier's objection will be overruled and Magistrate Judge Saporito's recommendation with regard to this claim will be adopted.

Xavier also objects to Magistrate Judge Saporito's finding that Xavier raises his claim that plea counsel was ineffective for failing to secure interpreter services for the first time in his federal habeas petition arguing that the claim was previously raised in his supplemental PCRA petition in state court and was addressed by the Superior Court. (Doc. 21, 10.) Upon

25

review, the Superior Court did in fact address Xavier's claim that trial counsel was ineffective for failing to employ the services of an interpreter; however, the Superior Court was only referencing those claims that Xavier asserted during initial PCRA review. (Doc. 10-1, 260.) Xavier failed to set forth a claim regarding failure to secure an interpreter in his statement of questions presented and made only passing references to his inability to understand the English language in his Superior Court filings. (Doc. 10-1, 184; 241-42.) Because Xavier never developed this argument, Magistrate Judge Saporito states that this claim, as well as the other two claims stated above, were not properly presented to the Superior Court for their review and therefore, not exhausted (Doc. 18, 26.), but because, Xavier would be unable to return to state court due to the PCRA statute of  limitations, *See* Pa. C.S.A. § 9545 (b), the claim is procedurally defaulted.[17] I agree that Xavier failed to present the claim on appeal to the Superior Court and the claim was waived without excuse for procedural default. Therefore, this claim is not properly before this Court and the recommendation will be adopted.

### 5.   *Diminished Capacity and PCRA Counsel*

Although raised in his initial *pro se* habeas petition, Xavier withdrew claims four and five, outlined above, in his supplemental reply. (Doc. 16, 2 n. 1.) Therefore, these claims need not be addressed.

### B.   Xavier's Remaining Objections

Xavier objects to Magistrate Judge Saporito's determination that Xavier failed to raise the involuntariness of his guilty plea throughout his PCRA proceedings,stating that "Xavier's uncounseled PCRA filings sufficiently allege that his guilty plea was not knowing and voluntary." (Doc. 21, 4.) Despite the Superior Court's failure to address the issue, Xavier alleges he raised this claim.  Magistrate Judge Saporito breaks the overall claim down into

---

[17]

The initial review PCRA court, who notably conducted the guilty plea colloquy, addressed this claim and determined that it had no merit because the court believed Xavier had an adequate grasp of the English language. (Doc. 10-1, 162)

five separate subparts as outlined and addressed above. Even if the claim was previously raised, I also find that Xavier has failed to demonstrate his guilty plea was not knowing, voluntary or intelligent. In *Meyers v. Gillis*, 142 F. 3d 664 (3d Cir. 1998), a petitioner who pled guilty to second-degree murder upon counsel's advice that he would be eligible for parole despite Pennsylvania's mandatory life sentence for second-degree murder convictions, was entitled to habeas relief. Finding prejudice based on the erroneous advice, the court noted that at trial there was a potentially viable diminished capacity or self-defense to the second-degree murder charge and therefore, a plea to such was prejudicial. *Id.* at 660-70. Conversely, in *Scarbrough v. Johnson*, 300 F. 3d 302 (3d Cir. 2002), a petitioner who alleged he was told he could potentially be paroled after pleading guilty to a second-degree murder conviction was not deemed to have been prejudiced. The court held the petitioner was not provided ineffective assistance of counsel because the plea was entered to avoid the possibility of the death penalty, and therefore, the overreaching reason for the petitioner's plea was not parole, but rather his desire to spare his life. *Id.* at 308.

Similarly to the petitioner in *Scarbrough*, and as recounted by the Superior Court, Xavier stated he accepted the guilty plea to avoid a life sentence and, therefore, was not prejudiced by any alleged errors of trial counsel. *Meyers* is distinguishable from the current case because the plea in *Meyers* involved a situation where erroneous advice, *i.e.,* error, led to the entry of the plea to a charge potentially unwarranted by the evidence. In both cases, the challenged action of counsel involved advice that was objectively wrong in light of the likelihood of parole, and, therefore, was considered deficient. Xavier has not demonstrated that his trial counsel's actions were objectively unreasonable, and, therefore, has failed to show that counsel was acting below an objective standard of reasonableness.  Assuming *arguendo* Xavier presented his claim that his plea was not knowing, voluntary, or intelligent to the Superior Court, he has failed to meet the *Strickland* standard to invalidate the plea based on ineffective assistance of counsel as outlined above. Therefore, this objection is overruled.

27

Xavier also objects to Magistrate Judge Saporito's statement that Xavier was charged with first-degree murder and states that he was charged instead with criminal homicide and aggravated assault under Pennsylvania law. (Doc. 21, 12.) This objection requires no analysis because this Court, along with Magistrate Judge Saporito, take judicial notice of the criminal information charging Xavier with one count of Criminal Homicide under 18 Pa. C.S.A. § 2501(a) and not first-degree murder. (Doc. 10-1, 41.)

## C.    Certificate of Appealability

A district court issuing a final order denying a § 2254 petition must also decide whether to issue a certificate of appealability. *See* 3d Cir. L.A.R. 22.2 (2011); 28 U.S.C. § 2253(c)(2). A court may issue a certificate of appealability only when a petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This showing is satisfied when the petitioner demonstrates "that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller–El v. Cockrell,* 537 U.S. 322, 327, 123 S.Ct. 1029, 1034, 154 L.Ed.2d 931 (2003).

Magistrate Judge Saporito recommends that a certificate of appealability not be issued. (Doc. 18, 35.) Xavier objects and argues that, contrary to the recommendation, he has shown "the ineffective assistance of counsel with regard to counsel's advice on entering a guilty plea, based on the totality of trial counsel's errors and that the state court's application of federal law in denying his PCRA petition was objectively unreasonable."(Doc. 21., 13.)However, Xavier has not identified any decision of the PCRA court or the appellate court which is contrary to, or an unreasonable application of, Sixth Amendment jurisprudence. Xavier failed to present to the Superior Court his claim that trial counsel's errors combined to render ineffective assistance of counsel and has not properly presented a claim of a constitutional violation. Therefore, Magistrate Judge Saporito's recommendation will be adopted and a certificate of appealability will not be issued.

**IV. Conclusion**

For the above stated reasons, Xavier's objections will be overruled, Magistrate Judge's Report and Recommendation will be adopted, and Xavier's Petition for Writ of Habeas Corpus will be dismissed.

An appropriate order follows.

January 7, 2016                                    /s/ A. Richard Caputo
Date                                               A. Richard Caputo
                                                   United States District Judge