**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| GUSTAVO XAVIER, | : | Civil No. 3:12-CV-01603 |
| | : | |
| Petitioner, | : | |
| | : | |
| v. | : | Judge Jennifer P. Wilson |
| | : | |
| MICHAEL HARLOW, *et al.*, | : | |
| | : | |
| Respondents. | : | Magistrate Judge Joseph F. Saporito, Jr. |

<u>**MEMORANDUM**</u>

This is a habeas corpus case under 28 U.S.C. § 2254 that is presently before

the court on a report and recommendation, proposed findings of fact, and proposed

conclusions of law from United States Magistrate Judge Joseph F. Saporito, Jr.,

and objections filed by Petitioner Gustavo Xavier ("Xavier").  (Doc. 89.)  For the

reasons that follow, Judge Saporito's report and recommendation, proposed

findings of fact, and proposed conclusions of law are adopted in their entirety,

Xavier's objections are overruled, and Xavier's petition for writ of habeas corpus

is denied with prejudice.

### BACKGROUND AND PROCEDURAL HISTORY

On May 1, 2009, Xavier pleaded guilty to third-degree murder in the Court

of Common Pleas of Susquehanna County, Pennsylvania.  *Commonwealth v.*

*Xavier*, No. CP-58-CR-0000365-2008.  He was subsequently sentenced to twenty

to forty years in prison and did not file a direct appeal of his conviction or

sentence.  *Id.*

1

Xavier challenged his conviction through the filing of a petition for post-conviction relief under Pennsylvania's Post-Conviction Relief Act ("PCRA") on November 17, 2010. *Id.* The Court of Common Pleas denied PCRA relief on September 27, 2011. *Id.* Xavier appealed to the Superior Court of Pennsylvania, which affirmed the denial of the PCRA petition on May 23, 2012. *See Commonwealth v. Xavier*, No. 1762 MDA 2011 (Pa. Super. Ct. May 23, 2012). Xavier did not appeal the Superior Court's decision to the Pennsylvania Supreme Court.

Xavier initiated the present case through the filing of a petition for writ of habeas corpus in the United States District Court for the Western District of Pennsylvania on August 10, 2012. (Doc. 1.) At the time he filed his petition, Xavier was not represented by counsel. (*Id.*) The case was transferred to this district on August 14, 2012. (Doc. 2.) On December 17, 2012, the Federal Public Defender's Office was appointed to represent Xavier. (Doc. 13.) The case was subsequently referred to Judge Saporito on February 12, 2015.

On May 22, 2015, Judge Saporito issued a report and recommendation in which he recommended that Xavier's petition be denied and dismissed with prejudice. (Doc. 18.) United States District Judge A. Richard Caputo adopted the report and recommendation on January 8, 2016, dismissed the petition with prejudice, and declined to issue a certificate of appealability. (Docs. 25–26.)

Petitioner timely appealed, Docs. 27–28, and the United States Court of Appeals subsequently issued a certificate of appealability as to two issues: "(1) whether the District Court erred in concluding that Xavier is procedurally barred from pursuing his claim that counsel was ineffective for failing to advise him that he might only be convicted of manslaughter if he opted for trial; and (2) whether counsel was ineffective for failing to challenge inculpatory statements given to investigators while Xavier was heavily medicated in the ICU." *Xavier v. Superintendent Albion SCI*, No. 16-1289 (3d Cir. May 4, 2016).

The Third Circuit affirmed the district court's ruling in part and vacated in part on May 3, 2017, and remanded the case for further proceedings. *Xavier v. Superintendent Albion SCI*, 689 F. App'x 686, 690 (3d Cir. 2017). The court affirmed the district court's denial of Xavier's claim pertaining to his inculpatory statements, but vacated the district court's decision "insofar as it concluded that Xavier is procedurally barred from arguing a Sixth Amendment violation based on counsel's purported failure to advise him of the possibility of a manslaughter charge." *Id.* The case was accordingly remanded to determine whether Xavier's counsel had failed to advise him of the possibility of a manslaughter charge, and, if so, whether such an action constituted ineffective assistance of counsel. *See id.*

Following remand from the Third Circuit, Judge Saporito granted the parties' joint motion for an evidentiary hearing. (Doc. 39.) The case was

3

reassigned to the undersigned to act as the presiding judge on March 23, 2020.

After several continuances, the evidentiary hearing was held before Judge Saporito

on June 17, 2020.  (Doc. 74.)  The court heard testimony during the hearing from

several witnesses, including, as most relevant for present purposes, Xavier and his

trial counsel, Linda LaBarbera ("LaBarbera").  (*See* Doc. 83.)  Xavier testified that

he did not think that he and LaBarbera had discussed manslaughter in the time

before he pleaded guilty.  (Doc. 80, pp. 10–11.)  LaBarbera testified to the contrary

that she and Xavier had discussed manslaughter several times, and her

contemporaneous notes of her meetings with Xavier supported this account.  (*See*

Doc. 80, pp. 18–117.)  LaBarbera testified that she advised Xavier that a strategy

of pursuing a voluntary manslaughter conviction rather than a murder conviction

would not likely succeed at trial.  (*Id.*)

At the conclusion of the hearing, Judge Saporito left the evidentiary record

open so as to allow the parties to conduct a deposition of one witness, Lynn Powell

("Powell"), who was unable to attend the evidentiary hearing.  (*See id.* at 23–24.)

Following the evidentiary hearing, the parties filed proposed findings on August

17, 2020.  (Docs. 85–86.)  A transcript of Powell's deposition was subsequently

filed on April 22, 2021, closing the evidentiary record for the hearing.  (*See* Doc.

88.)

Judge Saporito issued a report and recommendation, proposed findings of fact, and proposed conclusions of law on May 14, 2021. (Doc. 89.) Judge Saporito finds Xavier's testimony "only partially credible" based on his demeanor during the hearing and the inconsistency of his testimony with other evidence of record, *id.* at 11, but finds LaBarbera's testimony fully credible, noting that her testimony was "corroborated by, and entirely consistent with, the contemporaneously recorded attorney notes she maintained with respect to communications between herself and her client, the petitioner." (*Id.* at 22.)

Based on Xavier and LaBarbera's testimony, Judge Saporito concludes that Xavier "has failed to adduce sufficient evidence to demonstrate that his trial counsel's performance was deficient." (*Id.* at 32–33.) Judge Saporito notes that the fundamental premise of Xavier's habeas claim—that LaBarbera failed to advise him that the lesser offense of voluntary manslaughter was an available alternative to the charges of first-degree murder and third degree murder—is belied by the record developed at the evidentiary hearing. (*Id.* at 33.) Specifically, Judge Saporito notes that Xavier's testimony as to whether he had discussed manslaughter with LaBarbera was "equivocal, at best," whereas LaBarbera testified unequivocally that they had discussed manslaughter "on multiple occasions" and also produced contemporaneous notes of her meetings with Xavier that supported such an account. (*Id.* at 33–34.)

5

Judge Saporito additionally finds that LaBarbera's advice to Xavier not to pursue a voluntary manslaughter conviction at trial was "sound and reasonable advice under the circumstances presented." (*Id.* at 34.) Judge Saporito notes that Xavier was facing a charge of criminal homicide that could have resulted in a conviction of first-degree murder, third-degree murder, or voluntary manslaughter, and that Xavier did not dispute that he had killed the victim, "leaving only the question of the particular offense for which he would be convicted and sentenced." (*Id.* at 34–35.) LaBarbera, Judge Saporito notes, advised Xavier that he was unlikely to secure a voluntary manslaughter conviction at trial because there was strong evidence from which a jury could conclude that Xavier acted with malice, including evidence that Xavier had struck the victim with a blunt object several times; graphic photographs of the scene of the killing; and evidence that Xavier had placed a bag over the victim's head, secured the bag with duct tape, and put the victim's body in a closet after the killing. (*Id.* at 35–37.) Given that evidence, Judge Saporito finds LaBarbera's assessment of Xavier's chances at trial reasonable. (*Id.* at 37.)

Finally, Judge Saporito notes that "there is no evidence that LaBarbera coerced, misled, or otherwise unduly compelled Xavier to accept the negotiated plea agreement in which he agreed to plead guilty to third-degree murder, with a sentence of twenty to forty years in prison, in exchange for dismissal of first-

degree murder and all other charges." (*Id.* at 38.)  To the contrary, LaBarbera's testimony and contemporaneous notes showed that she had advised Xavier that he was unlikely to secure a conviction for voluntary manslaughter and then "left the decision to Xavier whether he would plead guilty to third-degree murder or proceed to trial, where he faced the very real possibility of a life sentence for first-degree murder." (*Id.*at 38–39.)

Based on this analysis, Judge Saporito recommends that the court find, inter alia, that Xavier's testimony was only partially credible, that LaBarbera's testimony was fully credible, that LaBarbera and Xavier "discussed the offense of voluntary manslaughter and the element of malice extensively and on multiple occasions," and that LaBarbera advised Xavier that "based on the facts and evidence of his case at that time, he was unlikely to be convicted by a jury of voluntary manslaughter instead of first- or third-degree murder." (*Id.* at 44–45.)

Judge Saporito accordingly proposes the following conclusions of law:

31.    To establish an ineffective assistance of counsel claim, a habeas petitioner must show that trial counsel's performance was deficient, which requires the petitioner to show that trial counsel's performance was objectively unreasonable. *See Strickland*, 466 U.S at 687–88.

32.    Trial counsel adequately advised Xavier that the offense of criminal homicide with which he was charged included the lesser offense of voluntary manslaughter, as well as the offenses of first- and third-degree murder.

33.    Based on the facts of the underlying criminal case and the evidence adduced in these habeas proceedings, trial counsel reasonably advised Xavier that he was unlikely to secure a voluntary manslaughter conviction instead of first- or third-degree murder, either at trial before a jury or through further plea negotiations.

34.    The petitioner has failed to adduce sufficient evidence to show that trial counsel's representation fell below an objective standard of reasonableness.

(*Id.* at 45–46.)  Based on these proposed conclusions of law, Judge Saporito recommends that the court deny Xavier's remaining claim with prejudice and decline to issue a certificate of appealability.  (*Id.* at 46–47.)

Xavier filed objections to the report and recommendation on June 23, 2021. (Doc. 92.)  Xavier raises general objections to: (1) Judge Saporito's conclusion that Xavier failed to establish ineffective assistance of counsel; (2) Judge Saporito's conclusion that LaBarbera reasonably advised Xavier that he was unlikely to secure a voluntary manslaughter conviction; (3) Judge Saporito's conclusion that Xavier did not adduce sufficient evidence to show that LaBarbera's representation fell below an objective standard of reasonableness; (4) Judge Saporito's conclusion that LaBarbera adequately advised Xavier that the offense of criminal homicide included first-degree murder, third-degree murder, and voluntary manslaughter; (5) Judge Saporito's finding that Xavier "had to adduce evidence to demonstrate that, had he gone to trial, it was reasonably likely that he would have been convicted on the lesser-included offense of voluntary manslaughter, and neither first- nor third-

degree murder"; (6) Judge Saporito's credibility determination regarding Xavier's testimony; and (7) Judge Saporito's credibility determination regarding LaBarbera's testimony.  (Doc. 92, pp. 2–3.)  Xavier also raises a specific objection as to Judge Saporito's finding that there is no evidence that LaBarbera coerced, misled, or otherwise unduly compelled Xavier to plead guilty, arguing that LaBarbera could not have provided effective assistance of counsel to Xavier during the plea negotiations because LaBarbera "failed to conduct any investigation into Xavier's claims that he had been abused by the victim, that she assaulted him first, and that he snapped."  (*Id.* at 3.)

Xavier filed a brief in support of his objections on June 23, 2021, expanding on the specific objection he raises as to whether he was coerced, misled, or otherwise unduly compelled to plead guilty.  (Doc. 93.)  Respondents have not filed a brief opposing Xavier's objections, and the time for doing so has expired. Accordingly, Judge Saporito's report and recommendation and Xavier's objections are ripe for the court's disposition.

## STANDARD OF REVIEW

When a party objects to a magistrate judge's report and recommendation, the district court is required to conduct a de novo review of the contested portions of the report and recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3); *Sample v. Diecks*, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989).  The district court may

accept, reject, or modify the magistrate judge's report and recommendation in whole or in part.  28 U.S.C. § 636(b)(1).  The district court may also receive further evidence or recommit the matter to the magistrate judge with further instructions.  *Id.*  "Although the standard is de novo, the extent of review is committed to the sound discretion of the district judge, and the court may rely on the recommendations of the magistrate judge to the extent it deems proper." *Weidman v. Colvin*, 164 F. Supp. 3d 650, 653 (M.D. Pa. 2015) (citing *Rieder v. Apfel*, 115 F. Supp. 2d 496, 499 (M.D. Pa. 2000)).

The district court is not required to conduct a de novo review when a party raises only general objections.  *Goney v. Clark,* 749 F.2d 5, 6–7 (3d Cir. 1984). "To obtain de novo determination of a magistrate's findings by a district court, 28 U.S.C. § 636(b)(1) requires both timely and specific objections to the report."  *Id.* at 6.  Thus, when reviewing general objections to a report and recommendation, the court's review is limited "to ascertaining whether there is 'clear error' or 'manifest injustice'" on the face of the record.  *Boomer v. Lewis*, No. 3:06-CV-00850, 2009 WL 2900778, at *1 (M.D. Pa. Sept. 9, 2009) (quoting *Shields v. Astrue*, No. 3:07-CV-00417, 2008 WL 4186951, at *6 (M.D. Pa. Sept. 8, 2008)).

When a petition for writ of habeas corpus has been referred to a magistrate judge for the purpose of conducting an evidentiary hearing, the court must review the magistrate judge's proposed findings of fact and conclusions of law and

"determine de novo any proposed finding or recommendation to which objection is made."  Rules Governing § 2254 Cases, Rule 8(b).  "The judge may accept, reject, or modify any proposed finding or recommendation."  *Id.*

### DISCUSSION

Xavier's only specific objection to the report and recommendation focuses on whether LaBarbera had conducted a sufficient investigation of Xavier's case before she discussed voluntary manslaughter with him.  Xavier credits LaBarbera's testimony that she and Xavier discussed voluntary manslaughter prior to Xavier pleading guilty to third-degree murder, but argues "it is not enough that they simply discussed voluntary manslaughter when Ms. LaBarbera did not investigate a single fact mentioned by Xavier that may have supported voluntary manslaughter.  Ms. LaBarbera, absent any investigation, could not have 'adequately' or 'reasonably' discussed voluntary manslaughter with Xavier." (Doc. 93, pp. 4–5.)  Xavier argues that LaBarbera's failure to sufficiently investigate the case prior to advising him establishes that LaBarbera provided ineffective assistance of counsel.  (*Id.* at 7.)  Xavier further argues that LaBarbera's alleged ineffectiveness caused him prejudice because he would not have pleaded guilty but for LaBarbera's advice regarding his likelihood of securing a voluntary manslaughter conviction.  (*Id.* at 12.)

To obtain habeas corpus relief for ineffective assistance of counsel, a petitioner must establish (1) that counsel's assistance "fell below an objective standard of reasonableness" and (2) that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 687–88, 694 (1984).

A defense attorney in a criminal case "has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary." *Id.* at 691. At a minimum, this requires counsel to make a "reasoned judgment as to the amount of investigation the particular circumstances of a given case require." *Blystone v. Horn*, 664 F.3d 397, 423 (3d Cir. 2011) (quoting *Jermyn v. Horn*, 266 F.3d 257, 308 (3d Cir. 2001)). An attorney's decision not to investigate "must be directly assessed for reasonableness in all the circumstances, applying a heavy measure of deference to counsel's judgments." *Strickland*, 466 U.S. at 691. An attorney is not required to pursue "an investigation that would be fruitless, much less one that might be harmful to the defense." *Harrington v. Richter*, 562 U.S. 86, 108 (2011) (citing *Strickland*, 466 U.S. at 691).

Having conducted a de novo review of the facts of this case in light of Xavier's specific objection, the court agrees with Judge Saporito that Xavier has failed to adduce sufficient evidence to demonstrate that his trial counsel's

performance fell below an objective standard of reasonableness.  Although counsel

did not investigate every aspect of the case that could lead to a voluntary

manslaughter conviction rather than a conviction for first- or third-degree murder,

counsel's testimony and contemporaneous notes of conversations with Xavier

indicate that she advised him that he was unlikely to secure a voluntary

manslaughter conviction because there was significant evidence from which a jury

would likely conclude that Xavier acted with malice.  (*See* Doc. 89, pp. 35–37.)

Given that significant evidence, it was reasonable for counsel to conclude that

further investigation would be unnecessary and likely fruitless.  *See, e.g.*,

*Harrington*, 462 U.S. at 108 (holding that attorney is not required to pursue

fruitless investigation).  In light of that reasonable conclusion, as well as the

"heavy measure of deference" a court must apply when reviewing an attorney's

decision not to conduct an investigation, *see Strickland*, 466 U.S. at 691, the court

finds that Xavier has not shown that his counsel's representation was unreasonable

in light of the circumstances of this case.

The court will accordingly overrule Xavier's specific objection to the report

and recommendation without considering whether Xavier has also established

prejudice under *Strickland*.  The court will also overrule Xavier's general

objections to the report and recommendation, as the court has reviewed the case for

clear error or manifest injustice in light of Xavier's general objections and has

found neither.  Having overruled the objections, the court will adopt Judge

Saporito's report and recommendation in its entirety and deny Xavier's petition

with prejudice.  A certificate of appealability will not issue because no reasonable

jurist would find the court's decision debatable or wrong.  *Slack v. McDaniel*, 529

U.S. 473, 484 (2000).

<div align="center">**CONCLUSION**</div>

For the foregoing reasons, Judge Saporito's report and recommendation,

proposed findings of fact, and proposed conclusions of law are adopted in their

entirety, Xavier's objections are overruled, and Xavier's petition for writ of habeas

corpus is denied with prejudice.  An appropriate order follows.

<div style="margin-left:40%">s/Jennifer P. Wilson<br>JENNIFER P. WILSON<br>United States District Court Judge<br>Middle District of Pennsylvania</div>

Dated: August 10, 2021

<div align="center">14</div>